Willie, Chief Justice.
Williams sued the Jefferson Lumber Company upon a note for $720, which note provided for the payment of ten per cent attorney’s fees in addition to the principal and interest, in case it was sued on or placed in the hands of an attorney for collection.
The defense to the note was to this effect: The plaintiff and defendant had, previous to its execution, made a contract in which the plaintiff agreed to furnish the defendant company with all the pine logs cut from a named tract of land, sufficient in quantity to keep the defendant’s mill constantly supplied with logs, for which the defendant was to pay at the rate of two dollars per thousand feet. It was alleged that the plaintiff did not comply with his contract, and by agreement of parties it was canceled, the defendant agreeing to purchase plaintiff’s outfit used in the performance of his contract. For this the defendant was to pay about one thousand four hundred and fifty dollars, all of which except seven hundred and twenty dollars was paid *660 in cash, and for the balance the note in suit was executed. It was further alleged that it was a part of the condition of said settlement that the plaintiff was to release and hold harmless the defendant from its covenants in said contract; but the plaintiff had sued the defendant for fifteen thousand dollars damages claimed to have been received by him by reason of a breach of said covenants.
This latter suit was alleged to be pending in the same court where the present suit had been instituted. The defendant set forth his willingness to pay the note sued on, and tendered the principal and interest due thereon, but prayed that the contract upon which the other suit was founded might be canceled and annulled, and the defendant held harmless. It also claimed that the ten per cent attorney’s fees should not be recovered, because the suit was brought without legal cause, through default of the plaintiff and not of the defendant.
Upon demurrer and exceptions of plaintiff this answer was held not good; and thereupon the defendant filed a trial amendment which alleged that the plaintiff was asserting right and authority under the said contract, and had gone upon the said land and ordered off the employes of defendant, who were engaged in cutting and hauling timber therefrom, whereupon defendant renewed his prayer for the cancelation of the contract. Demurrers and exceptions were sustained to the answer as amended, and the defendant, refusing further to amend, a trial was had and judgment rendered for the plaintiff for the full amount claimed in his petition: from that judgment this appeal is taken.
The assignments of error complain of the action of the court in sustaining the demurrer and exceptions to the defendant’s special answers, and in rendering judgment for attorney’s fees. We do not think the assignments are well taken. The suit was upon the note described in the petition, and the special answer admitted that the plaintiff was entitled to a judgment for the principal and interest appearing on the face of the note to be due.
They were accompanied by an offer to pay that amount and a tender of the money into court. The prayer was to cancel a contract which was the subject matter of another suit pending in the saíne court. The facts set up in the answer might have been, if well pleaded, a defense to recovery in the other suit. If so, they should have been then pleaded, or a consolidation of *661 the two cases should have been obtained, and the two suits have ■gone on as one cause. If these answers are admissible in this suit at all, it must be as pleas in reconvention in which the defendant seeks the affirmative relief of having another contract annulled and canceled, and the plaintiff prevented from enforcing the same. How can that be done when the defendant has the plain remedy open to him, of pleading those matters of ■defense in bar of an action already commenced upon the contract?
A plea in reconvention is treated as a suit by the defendant against the plaintiff upon the cause of action set up in the answer. Had the defendant brought suit against the plaintiff upon such averments as are contained in the present answers, whilst suit was pending in the same court to enforce the contract sought to be canceled, the court would have refused him relief, and directed him to plead the matters alleged in his petition in bar of the plaintiff’s suit upon the contract. His allegations constituted a good defense to the suit at law commenced against him, and he can have no right to seek equitable relief in a separate suit. Otherwise, every suit at law upon a contract to which there is a full meritorious defense would serve as a ground for a proceeding on the part of the defendant to stay the suit and annul the contract, a doctrine that no one will seek to maintain. If the defendant could not sue to cancel the contract and defeat the súit commenced upon it, he could not obtain the same relief by way of reconvention in the suit brought upon the note.. To allow this, too, would be to subject the plaintiff to the costs of two suits, when, according to the defendant’s own admissions, there was good cause of action in one of them, the note upon which this cause is founded.
The trial amendment did not, of course, cover the insufficiency of the original answer. It set up facts tending to show that the plaintiff still regarded the contract as in existence and binding upon both parties. This was the theory upon which the suit upon the contract was prosecuted. If it was not true, that was the suit in which to plead it.
The attorney’s fees were to be payable in case the note had to be sued on. The defendant admits that the note was a just debt against it, but pleads matters which, it says, should annul .another contract. If this be the case, the defendant should have paid the note and defended the contract, and his failure to do so *662 justified the plaintiff in bringing the suit, eolleoting principal* interest and attorney’s tees.
Opinion delivered October 25, 1887.
There is no error in the judgment, and it is affirmed.

Affirmed.