BRANSCUM v. REESE et al. (No. 9188.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1919.)

1. JUSTICES OF THE PEACE ⊝⟝174(15)—NEW PLEA ON APPEAL FROM JUSTICE NOT PROHIBITED "SET-OFF" OR "COUNTERCLAIM," BUT IN CONFESSION AND AVOIDANCE.

Plea of sheriff, proceeded against for not turning over to execution creditor money collected under execution, acknowledging the collection, but averring that he had applied the money on an execution at the time in his hands against such creditor, not setting up any cause of action against plaintiff, is not one of "set-off" or "counterclaim," which, under Vernon's Sayles' Ann. Civ. St. 1914, art. 759, may not be pleaded for the first time on appeal from a justice, but is a permissible new plea in confession and avoidance (quoting Words and Phrases, Set-Off; see, also, Words and Phrases, First and Second Series, Counterclaim).

2. PLEADING ⊝⟝8(15)—MERE ALLEGATION OF FRAUD WITHOUT STATEMENT OF FACTS INSUFFICIENT PLEADING.

Fraud is not pleaded by a mere allegation that an execution was fraudulent, but the facts which would constitute the fraud must be pleaded.

3. SHERIFFS AND CONSTABLES ⊝⟝98(2)—SHERIFF PROTECTED BY EXECUTION FAIR ON ITS FACE THOUGH TOLD JUDGMENT IS PAID.

In the absence of fraud to which he is a party, a sheriff may safely apply to satisfaction of an execution, fair on its face, money subject thereto, though told by the execution defendant that he had paid the judgment.

4. EXECUTION ⊝⟝55 — SHERIFF MAY APPLY MONEY MADE ON EXECUTION FOR PLAINTIFF TO EXECUTION AGAINST HIM.

A sheriff into whose hands money comes by virtue of an execution in favor of one person may apply it in satisfaction of an execution, in his hands at the time of the collection, against such person.

Appeal from Jones County Court; J. F. Lindsey, Judge.

Proceedings by Thomas Branscum against John R. Bannister, Sheriff, and another, defended on the ground that money which had come into defendants' hands by virtue of plaintiff's execution had been applied by them in satisfaction of a prior execution of Jeff Reese against plaintiff. From a judgment adverse to plaintiff, on appeal by defendants from a justice to the county court, plaintiff appeals. Affirmed.

Joe C. Randel, of Hamlin, for appellant.
Walter S. Pope, of Anson, and Critz & Woodward, of Coleman, for appellees.

CONNER, C. J. Article 3774, Vernon's Sayles' Texas Civil Statutes, provides that—

"When an officer has collected money on execution, he shall pay over the same to the

party entitled thereto at the earliest opportunity."

The next article (3775) provides that—

"Should an officer fail or refuse to pay over money collected under an execution when demanded by the person entitled to receive the same, he shall be liable to pay to such person the amount so collected, with damages at the rate of five per cent. per month thereon, besides interests and costs, which may be recovered of him and his sureties by the party entitled to receive the same on motion before the court from which said execution issued, five days' previous notice thereof being given to said officer and his sureties."

This proceeding was instituted by the appellant, Thomas Branscum, against John R. Bannister, sheriff, and Creek Brown, deputy sheriff, of Coleman county. The proceeding was first instituted in a justice court, the plaintiff alleging that the sheriff and deputy named had collected certain money by virtue of an execution in plaintiff's favor that had been issued out of the justice court in which the proceeding was instituted, and the prayer was for the recovery of the money collected, which, it was alleged, had not been paid over, and for damages.

The defendants, having been duly cited, answered in the justice court by a general demurrer and general denial. The judgment in that court was in favor of the plaintiff, and the defendants appealed to the county court. In the latter court the plaintiff filed amended pleadings, seeking to recover the moneys collected and damages for its retention in the sum of $103.68. The defendants answered as before and in addition thereto specially pleaded, acknowledging the receipt of the execution upon which the plaintiff's proceeding was founded and the collection of the money as alleged by plaintiff, but averred that at the time of said collection said sheriff then had in his hands an execution issued out of a justice court of Coleman county in favor of Jeff Reese and against the plaintiff for the sum of $117, and that the sum collected upon the execution in favor of the plaintiff had been applied by him (the sheriff) upon the said execution in favor of Jeff Reese. The result of the trial in the county court was a peremptory instruction to the jury by the court to find for the defendants, and the judgment was entered in accordance with the instruction and verdict, and plaintiff has duly appealed to this court.

[1] Appellant first assigns error to the action of the court in overruling plaintiff's special exception to the defendants' said special plea. The contention is that under our rules of pleading a defendant cannot "for the first time, on appeal to the county court, plead in county court a counterclaim or set-off to the plaintiff's debt." The statute relied upon in support of this contention thus reads:

"Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below; and in all such cases the pleadings shall be in writing, and filed in the cause before the parties have announced themselves ready for trial." Article 759, V. S. Tex. Civ. Stats.

It is quite evident from the reading of the statute that a defendant on appeal to the county court may plead in defense any new matter not presented in the court below, except only "set-off or counterclaim," and the special plea of the defendants in this case, we think, fails to come within the meaning of these terms.

In 7 Words and Phrases, p. 6440, it is said, citing a North Carolina case, that—

"A set-off is a cross-action by the defendant against the plaintiff, which is allowed by statute to avoid a multiplicity of suits when the debts are mutual, that is, when the parties are the same and the debts are due in the same right."

Another definition, citing a Georgia case, is that—

"A set-off means a cross-action for which an action might have been maintained against the plaintiff; and it is very different from a mere right to a deduction from, or reduction of, plaintiff's demand on account of some matter connected therewith and which might be given in evidence under the general issue, such as payment."

In Simpson v. Huston, 14 Tex. 476, it was said that the object of set-offs is to adjust indebtedness between parties and permit executory process only for balance due. And in Thomas v. Hill, 3 Tex. 270, it was said, in effect, that the object of the law in allowing set-offs is to avoid a multiplicity of actions, and hence where the respective demands of the parties are of such a nature as to admit of adjudication in one action the law intends that it shall be done.

In Gimble v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470, it was held, quoting from the headnotes, that—

"A plea in reconvention is, in effect, a suit against the plaintiff."

In Lumber Co. v. Williams, 68 Tex. 656, 5 S. W. 672, it was said that a plea in reconvention is treated as a suit by the defendant against the plaintiff upon the cause of action set up in the answer.

It is thus seen that both set-off and reconvention contemplate some demand upon which a right of action exists on the part of a defendant against the plaintiff and on which he (the defendant) could sue as a plaintiff had suit not been brought against him.

In speaking of the essential elements of set-offs and counterclaims, and both are treated under the same general head, it is said in 24 R. C. L. p. 834, par. 41, that—

"No right of recoupment, as understood in modern times, or counterclaim, can exist in the absence of a cause of action in favor of the defendant. A cross-action is always implied in its terms, for in cases of this kind two actions are really combined in one; each party is plaintiff in respect to his own particular grievance, and each party is defendant in respect to the grievance of the other."

It follows, we think, from the authorities noted, that the court below correctly held, as he in effect did, that the defendants' said special plea was neither a set-off nor a plea in reconvention, within the meaning of the prohibitory language of the statute. The plea that the defendants had collected the money, as charged, but had applied it upon another valid execution at the time in the hands of the sheriff, was, in its nature, a plea in confession and avoidance; and although such plea had not been presented in the justice court and was new matter, it was permissible to so present the plea in the county court. It set up no cause of action against the plaintiff. No fact was therein stated upon which the defendants, or either of them in the absence of the plaintiff's suit, could have maintained an action against the plaintiff. The plea was purely defensive in character, and therefore not forbidden by the statutes. To illustrate, it was held in Gholston v. Ramey, 30 S. W. 713, that a plea of payment might for the first time be set up upon appeal from a justice court. And in Dental Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122, it was held that the illegality of the contract upon which the action is founded may be relied on in defense, though pleaded for the first time after appeal was perfected. The case of Blanton & Nunnally v. Langston, 60 Tex. 149, was a suit instituted in a justice court to try the right of property in some cotton. In the justice court the defendant claimed the cotton under a mortgage, but on appeal to the county court he claimed by virtue of a purchase. It was held that the claim in the county court, while new matter, was not prohibited by the statute relied on in this case.

We conclude that the court did not err in overruling appellant's special exception to the defendant's said special plea.

[2-4] Error is further assigned to the action of the court in excluding the following testimony of the plaintiff while on the stand as a witness, viz.:

"That the judgment upon which the execution was issued out of the justice court, precinct No. 1, Coleman county, Tex., styled Jeff Reese v. C. M. Colbert et al., No. 2542, was released, and that the said Creek Brown, deputy sheriff, had notice and had received written notice that the said Coleman county judgment had been paid long prior to the issuance of the alias execution issued out of said justice court of Coleman county, Tex., in cause No. 2542, and that the said Creek Brown was notified of the payment of said Coleman county judgment long prior to the issuance of the alias execution in favor of Jeff Reese against this plaintiff, Thomas Branscum, and that the plaintiff did notify the said Creek Brown that said judgment was paid and released prior to the issuance of the alias execution upon which he turned the money collected in favor of this plaintiff back to the said Jeff Reese."

It is insisted that the exclusion of the testimony so proffered was erroneous—

"for the reason that after the court had permitted the witness Thomas Branscum to testify that said judgment was paid, and how same was paid, he should have permitted the witness to have testified further to facts which would have shown that the defendant Creek Brown had notice and had received notice and knew of the payment of said judgment long prior to the issuance of the alias execution issued out of the said Coleman county justice court."

While the plaintiff alleged in his petition that long prior to the issuance of the execution from the justice court in Coleman county he had paid the judgment by virtue of which that execution had issued, and, further, that if the said sheriff or his deputy held any execution in favor of Jeff Reese "same was not a valid execution against the plaintiff herein, and that same was simulated and fraudulently procured by Creek Brown, and was not a valid execution, and that the sheriff was not authorized to apply said sum of money, or any part of same, on the old judgment as described in his return," yet there is no such allegation of fraud on the part of the sheriff and his deputy as would make material the testimony excluded by the court as above set forth. That execution, issued by the Coleman county justice of the peace was in all things regular on its face, and there is no allegation of a conspiracy on the part of the sheriff or his deputy and the justice of the peace who issued the execution and the plaintiff in that execution of a fraudulent purpose to thereby misappropriate the funds arising from the plaintiff's execution. The mere allegation that the Coleman county execution was invalid, or even that it was fraudulent, would not be sufficient. The facts and circumstances which would constitute the fraud, if any, should have been alleged. Had a case of fraud been sufficiently alleged, the fact that the sheriff had been notified that the judgment in Coleman county had been paid might have been relevant as a circumstance to an issue of fraud. But in the absence of any such case made by the pleadings, and of any offer of any other circumstances tending to show fraud, we think it must be held that the fact that plaintiff informed the officer that he had paid the judgment against him was whol-

ly immaterial. As early as the case of Tierney v. Frazier, 57 Tex. 437, authorities were presented and discussed and it was held by our Supreme Court that a sheriff is protected in levying an execution although he may have been notified of outside facts rendering it invalid. Mr. Chief Justice Gould who rendered the opinion in that case quoted the following from Mr. Cooley on Torts on the question of whether, when an officer knows that back of process, fair on its face, are facts which render it void, he is nevertheless protected in serving it:

"That the weight of authority and of reason is clearly in favor of the proposition that the officer may safely obey all process fair on its face, and is not bound to judge of it by facts within his knowledge which may be supposed to invalidate it."

The reason for this rule, as quoted from a decision, is thus given:

"That it would paralyze the action of an officer, and often defeat the service of legal process, if he were bound to stop and try the genuineness and validity of a certificate of discharge under a bankrupt or insolvent law. The certificate may not be genuine or legally authenticated, and yet the officer can take no evidence, nor even put the debtor himself under oath to prove it. * * * Is the officer to try all the questions of law and fact involved in the question of the genuineness, the validity, and the application of the discharge to this particular debt? To hold that an officer would be liable in trespass for executing the command of his precept would be to hold that an executive officer must try all these questions without power to summon a witness or hear the parties, and to decide the case correctly, upon peril of being liable for damages for false imprisonment."

. To the same effect is the recent case of Sanders v. Waghalter, 192 S. W. 1083, by the Court of Civil Appeals at Texarkana. It follows that the sheriff of Coleman county and his deputy were authorized, and even required, to accept the writ, legal on its face as it was, as the paramount command to them, and to disregard a mere notification, had it been made, on the part of the plaintiff in this suit that the judgment upon which the Coleman county execution was based had been paid. It further follows that as to moneys coming into their hands by virtue of an execution in plaintiff's favor, they were authorized to apply such moneys in satisfaction, pro tanto, of the Coleman county execution. See Mann v. Kelsey, 71 Tex. 609, 12 S. W. 43, 10 Am. St. Rep. 800, and authorities therein cited. See, also, McClane v. Rogers, 42 Tex. 218; Walton v. Compton, 28 Tex. 569.

What we have said in disposing of the questions herein sufficiently disposes of all remaining assignments, and, no error having been found as assigned, it is ordered that the judgment below be in all things affirmed.