Childress Oil Company v. O. E. Wood.

No. 2861. Decided April 20, 1921.

(230 S. W., 143.)

**1.—Appeal—Jurisdiction—Amendment.**

The jurisdiction of the County Court on appeal attaches only to a suit of which the Justice Court had jurisdiction, and if it had none the defect cannot be cured by amendment in the County Court bringing the amount in controversy to one over which the Justice Court had jurisdiction. (P. 166).

**2.—Same—Case Stated.**

An action in Justice Court was to recover wages and to foreclose a laborer's lien on property of value exceeding $200. On appeal to the County Court plaintiff abandoned his action for foreclosure and sought to recover only the wages, which amounted to less than $200. *Held* that the want of jurisdiction in the Justice Court could not be remedied by such abandonment on appeal. Cotulla v. Goggan & Bro., 77 Texas, 32, followed. (P. 167).

**3.—Jurisdiction—Foreclosure—Amount—Cases Discussed.**

Where a statutory lien is given upon property sufficient in amount only to satisfy the indebtedness, as in case of a landlord's lien, and the indebtedness is for less than $200, the Justice Court has jurisdiction to foreclose the lien (Lawson v. Lynch, 29 S. W., 1128, and subsequent cases following it approved). Whether a similar rule should be applied where the statutory lien is not so limited, as in case of laborer's liens, but the plaintiff seeks foreclosure on so much of the property only as will satisfy his claim for less than $200 (Allen v. Glover, 65 S. W., 379) is questioned but not decided. But where he seeks foreclosure on all the property affected by the lien and this exceeds $200 though his claim does not, the Justice Court is without jurisdiction. (Pp. 167, 168).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Wood sued the Childress Oil Co. in Justice Court and recovered judgment there and also in the County Court on appeal taken by defendant. The latter appealed to the Court of Civil Appeals, by whom the judgment was reversed and plaintiff's suit dismissed. Pending a motion for rehearing, the question of the correctness of their decision was certified by them to the Supreme Court.

*Joseph H. Aynesworth,* for appellant.

The value of the property upon which the plaintiff sought a lien being in excess of the sum of Two Hundred Dollars the Justice Court

was without jurisdiction, likewise the County County and this Court, except to reverse and dismiss the cause. The Court was still without jurisdiction after the plaintiff had abandoned his claim for lien, for the reason that the Justice Court was wholly without jurisdiction, and the County Court acquired none by the appeal. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478; Kelley & Co. v. Stevens & Sons, 136 S. W., 94; Cotulla v. Goggan, 77 Texas, 32.

*Ed Yarbrough* and *E. W. Napier*, for appellees.

The court ruled correctly in retaining jurisdiction of this cause and rendering judgment against the defendant and his sureties for the debt, because the amount in controversy was within the jurisdiction of the justice's court, and that was the only issue to be determined, since the plaintiff had abandoned his lien, and only sought judgment for the debt. Herry v. Benoit, 70 S. W., 359.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was one by O. E. Wood. against the Childress Oil Company in the Justice Court to recover on a claim of $178.50 for labor performed for the defendant and an additional statutory attorney's fee of $20, and to foreclose a laborer's lien upon machinery. tools and material belonging to the defendant. The value of the property upon which foreclosure of the lien was sought was not alleged by the plaintiff, but the defendant pleaded that its value exceeded $200 and that therefore the Justice Court was without jurisdiction. The plaintiff prevailed in the Justice Court, and on the defendant's appeal to the County Court it was agreed between the parties that the value of the property upon which the lien was asserted in the Justice Court exceeded $200. In the County Court the plaintiff attempted to dismiss so much of his action as pertained to the lien and its foreclosure and prosecuted his suit only for the debt and attorney's fee. Judgment was there rendered only for the debt and attorney's fee.

The honorable Court of Civil Appeals reversed this judgment and directed the dismissal of the case, holding that the jurisdiction of the Justice Court was determined by the value of the property upon which the lien was asserted, and that since the Justice Court had no jurisdiction the County Court had none.

The question certified is whether its action was correct.

We answer that it was. The jurisdiction of the County Court in cases appealed from the Justice Court is dependent absolutely upon the jurisdiction of the Justice Court. If the Justice Court is without jurisdiction there can be no jurisdiction in the County Court. While the case is tried de novo in the County Court its power is not original. The case is there only in virtue of the appeal. With this true, its power to determine it on the appeal cannot exist if the original tribunal had no power to consider it.

The jurisdiction of the Justice Court is necessarily determined by the cause of action there asserted, and not merely by a part of the cause of action. If as so determined it is without jurisdiction, the abandonment of a part of the cause of action in the County Court cannot create jurisdiction in the latter.

The cause of action in the Justice Court, here, being not simply for debt but for the foreclosure of a lien on personal property, as well, the jurisdiction of the court was necessarily dependent upon the value of the property thus brought into controversy and sought to be subjected to judgment. The value of the property so brought into the suit admittedly exceeded the amount of the court's lawful jurisdiction. The abandonment of the lien in the County Court did not, therefore, save the County Court's jurisdiction.

The question is directly ruled by Cotulla v. Goggan & Bros., 77 Texas, 32, 13 S. W., 742. There, the suit in the Justice Court was for a debt within its jurisdiction and to foreclose a mortgage lien upon property whose value exceeded the sum of $200. On the appeal to the District Court the lien was abandoned, which it was contended had the effect of saving the District Court's jurisdiction. This court held that the abandonment of the lien did not cure the want of jurisdiction in the District Court.

It has been held by Courts of Civil Appeals, and we think correctly, that in a suit to foreclose a statutory landlord's lien, the court's jurisdiction is determined by the amount of the debt and not the value of the property upon which the lien exists, since the statute contemplates a foreclosure upon only so much of the property as is sufficient to satisfy the debt. Lawson v. Lynch, 9 Texas Civ. App., 582, 29 S. W., 1128; Dazey v. Pennington, 10 Texas Civ. App., 326, 31 S. W., 312; Irion v. Bexar County, 26 Texas Civ. App., 527, 63 S. W., 550; Manire v. Wilkinson, 136 S. W., 1153. And in Allen v. Glover, 27 Texas Civ. App., 483, 65 S. W., 379, this was held true of a suit to foreclose a statutory laborer's lien upon "only so much of the property as was necessary to satisfy the plaintiff's claim." The statute conferring the laborer's lien does not in terms, as is plainly contemplated by the statutes dealing with the landlord's lien, direct a foreclosure upon only sufficient ·property to satisfy the debt; but it is possible that by analogy this would be permitted in the foreclosure of such a lien. We see no reason why it should not be if such be the plaintiff's prayer. Accordingly, had the plaintiff here sought foreclosure of his laborer's lien upon only enough of the defendant's property to satisfy his debt, a different question might be presented. Such however was not his suit. In the Justice Court he asserted a lien and sought a foreclosure on 'all of the machinery, tools and material of the defendant', the value of which, as agreed in the County Court, exceeded $200. Having sought a foreclosure upon all the property instead of merely so much of it as was sufficient to pay his

debt, and with that value exceeding $200 the Justice Court was necessarily without jurisdiction of the suit.

We do not determine the question as it would have arisen had a foreclosure of the laborer's lien been sought only upon enough property to satisfy the debt, since the case here does not present it. We refer to it however in order to avoid confusion.

The case of Texas & New Orleans Railroad Company v. Rucker, 38 Texas Civ. App., 591, 88 S. W., 815, decided by the Court of Civil Appeals for the First District, whose decision was later approved by this court (99 Texas, 125, 87 S. W., 818), was one for the foreclosure of a statutory carrier's lien. It was there held that the value of the property upon which the foreclosure was sought determined the court's jurisdiction. It is to be noted however that there, foreclosure was prayed for upon *all* of the property and not only upon so much of it as was necessary to satisfy the plaintiff's demand. The value of all the property exceeded the amount within the court's lawful jurisdiction, and the decision is of course correct.