SIMON et al. v. CUSHING.    (No. 1620.)

(Court of Civil Appeals of Texas.    El Paso.
May 15, 1924.    Rehearing Denied
June 19, 1924.)

1. Abatement and revival ⬤⇒15—Plea in abatement held properly overruled in view of final judgments for defendants in pending suits.

Pending suits asserting lien on personalty superior to mortgage lien of defendants, sued on notes given as part consideration for such mortgage, having been determined by final judgments for defendants, court properly overruled plea in abatement.

2. Bills and notes ⬤⇒530, 534—Where mortgage transferred for notes sued on was first lien as guaranteed, payee held entitled to interest and attorney's fees.

Where chattel mortgage, transfer of which constituted consideration for notes, was first lien on property, as guaranteed by payee of notes, it could recover interest and attorney's fees on failure to pay notes at maturity, though final judgments for defendants in third party's suits asserting superior liens were not rendered until after suit on notes was filed.

3. Bills and notes ⬤⇒530, 534—Recovery of interest and attorney's fees not defeated by payee's liability under guaranty.

Bank's guaranty that chattel mortgage, for transfer of which notes were given, was first lien on personalty, being collateral undertaking, its liability thereunder would not extinguish notes pro tanto, so as to defeat its right to recover interest and attorney's fees on nonpayment of notes at maturity.

4. Bills and notes ⬤⇒97(3)—Liability of makers and due dates of notes held not affected by failure of bank.

That bank guaranteeing that chattel mortgage, for which notes were given, was first lien on personalty, failed, thereby impairing security on its warranty, would not relieve makers from liability on notes nor change their due dates.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by E. B. Cushing, receiver of the First National Bank of Ranger, against U. M. Simon and others.    Judgment for plaintiff, and defendants appeal.    Affirmed.

Slay, Simon & Smith, of Fort Worth, for appellants.

Turner & Seaberry, of Eastland, for appellee.

WALTHALL, J.    E. B. Cushing, as receiver of the First National Bank of Ranger, Tex., brought this suit against U. M. Simon, Herman Marx, and C. L. Sanger, to recover on certain promissory notes past due, and interest and attorney fees, provided for in the notes, aggregating in amount, after all credits pleaded and shown to have been paid had been allowed, the sum of $3,245.25.

The appellants interposed a plea in abatement to the effect that at the time of the execution of a certain contract in which the notes were given the First National Bank of Ranger held a chattel mortgage against certain personal property, the said mortgage being executed by Lincoln & Teeple to said Bank to secure the payment of certain other notes due and payable to said bank, and that said mortgage lien was a first and prior lien against said property; that said notes were duly transferred and assigned together with said mortgage to them by the said bank, and that the notes sued on were given as a part consideration for said transfer; that the said contract provided that, as part consideration for its execution and delivery, said bank, by its written obligation, guaranteed to defendants that said mortgage lien securing the payment of said notes was a first and prior lien on said personal property; that certain suits, describing them by number and the parties thereto, had been filed, in which the plaintiffs are asserting a lien on said property superior to that of defendants; that defendants, as agreed in said contract with said bank, are asserting said mortgage lien and their landlord's lien in defense of said suits, and have made plaintiff herein a party thereto, and ask that this suit be abated until the questions therein are tried, to enable defendants to assert in this suit said guaranty as a defense in this suit.

Defendants also pleaded certain payments; that the notes sued upon are the property of said bank; and pleaded notice of such facts, as above stated, to plaintiff, the bank, its agents and employees; that said bank is now insolvent, and not in position to carry out its said guaranty as in its contract provided, to save defendants harmless from said asserted liens by creditors in said other suits, and that by reason of said facts plaintiff is estopped from demanding payment on said notes.

Plaintiff filed a supplemental petition tendering issues on the matters contained in defendants' plea and answer.

The case was tried without a jury.    The court found that, in the suits referred to in defendants' plea in abatement, final judgments had been rendered therein in which the liens asserted had been held to be secondary to defendants' lien on said property, and overruled said plea; the court rendered judgment in plaintiff's favor, as receiver on said notes, for the principal, interest, and attorney's fees, allowing a credit pleaded. Defendants excepted, and filed assignments of error.

### Opinion.

[1] The first and second propositions are directed to the overruling of the plea in abatement.    The finding of the court that the suits referred to asserting liens on the said personal property superior to appellants'

liens had been determined by final judgments in said suits in appellants' favor is not questioned by appellants. The court properly overruled said plea.

[2] Another proposition presented claims error in rendering judgment for interest and attorney's fees, for the reason that appellants could not be put in default in not paying the notes as long as the bank was delinquent on its obligation to make good its contract to appellants, appellants' contention being that the question of the priority of appellants' said lien was not determined until final judgments were rendered in said suits.

The record shows that this suit was filed April 7, 1922, and that each of the suits asserting superior liens on the said personal property covered by defendants' mortgage was filed 'and a final judgment rendered therein subsequent to April 7, 1922.

Appellee insisted that, appellants failing to allege and prove a set-off was due them from the bank by reason of its obligation, a default occurred on failure to pay the notes at maturity. The notes matured and were not paid at maturity, and the notes were placed in the hands of attorneys for collection, and this suit was brought thereon, and the only suggestion made in the answer why payments were not made at maturity is the provision in what is called the guaranty contract that the mortgage lien is the first and prior lien on the personal property described therein.

The liability of the bank, the payee of the notes, for any offset by reason of its said obligation, was conditioned on its failure to make good its warranty. The evidence shows, and the court's finding is, the bank made good its obligation. There could be, in that event, no wrongful act on the part of the appellee in bringing the suit on failure to pay the notes at maturity, as in Laning v. Bank, 89 Tex. 601, 35 S. W. 1048, and other cases to which we are referred.

[3] The bank's obligation was a collateral undertaking, and, even if the bank had been held liable under its obligation, the amount of its liability would not extinguish the notes pro tanto, and judgment was properly rendered for the' interest and attorney fees. Norwood v. Inter-State Bank, 92 Tex. 268, 48 S. W. 3; Jefferson Lumber Co. v. Williams, 68 Tex. 656, 5 S. W. 672, in which Judge Willie said:

"The defendant admits that the note was a just debt against it, but pleads matters which, it says, should annul another contract. If this be the case, the defendant should have paid the note and defended the contract, and his failure to do so justified the plaintiff in bringing the suit, collecting principal, interest and attorney's fees."

[4] We think it quite clear that appellants should have paid the notes. The facts that the bank had failed, and thereby the security on its warranty contract was impaired, if not wholly destroyed, would not relieve appellants from liability on the notes, nor change its due date.

The case is affirmed.