## FAITH OIL CORPORATION v. DAY.
### No. 4754.

Court of Civil Appeals of Texas. Texarkana.

Oct. 31, 1935.

W. H. Sanford and Conan Cantwell, both of Longview, for appellant.

Curtis Hill, of Austin, for appellee.

HALL, Justice.

This suit was originally brought in the justice court, precinct No. 1, Upshur county, Tex., for specific performance of an alleged written contract to convey a farming lease on certain real estate. Trial was had in justice court and judgment was there rendered for the plaintiff, appellee here, for the sum of $200, being the amount of the consideration for the transfer of said lease, $27 interest, and further decreeing specific performance of the contract relating to the transfer of the farming lease, and vesting in the defendant, appellant here, all plaintiff's right, title, and interest in said land. The case was removed to the county court by writ of certiorari on application of appellant.

In the county court the appellee filed a supplemental pleading, eliminating from his justice court pleadings the prayer for specific performance of the contract for the sale of the farming lease and alleged he was entitled to liquidated damages in the sum of $200 with interest thereon at 6 per cent. The appellant filed a plea to the jurisdiction of the court, motion to strike appellee's supplemental petition, general demurrer, several special exceptions, general denial, plea of non est factum, and a plea of limitation. The county court found that the justice of the peace of precinct No. 1 of Upshur county had no jurisdiction of appellee's cause of action as pleaded in that court in so far as same related to specific performance for the transfer of the farming lease contract, but

overruled the other motions of the appellant.

The case was submitted to a jury on special issues which were answered favorably to appellant. The county court on motion of the appellee rendered judgment non obstante veredicto in favor of the appellee for $200 liquidated damages, together with $27 interest. The appellant has duly prosecuted its appeal to this court.

The appellant brings forward numerous assignments of error, the first of which complains of the action of the trial court in overruling its motion to dismiss the case for want of jurisdiction. We think an answer to this question will determine this cause of action.

This was a suit in the justice court for specific performance brought by the appellee against appellant on a contract involving the title to real estate. Clearly the justice court had no jurisdiction to try such a cause of action. When the cause was removed to the county court by a writ of certiorari, the county court had no greater power than the justice court had to try this cause of action, and if the justice court lacked jurisdiction in the first instance, the county court was without jurisdiction on appeal. A controlling case on this question, we think, is that of Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143, opinion by Chief Justice Phillips of the Supreme Court, wherein it is said:

"The suit was one by O. E. Wood against the Childress Oil Company in the Justice Court to recover on a claim of $178.50 for labor performed for the defendant and an additional statutory attorney's fee of $20, and to foreclose a laborer's lien upon machinery, tools and material belonging to the defendant. The value of the property upon which foreclosure of the lien was sought was not alleged by the plaintiff, but the defendant pleaded that its value exceeded $200 and that therefore the Justice Court was without jurisdiction. The plaintiff prevailed in the Justice Court, and on the defendant's appeal to the County Court it was agreed between the parties that the value of the property upon which the lien was asserted in the Justice Court exceeded $200. In the County Court the plaintiff attempted to dismiss so much of his action as pertained to the lien and its foreclosure and prosecuted his suit only for the debt and attorney's fee. Judgment was there rendered only for the debt and attorney's fee.

"The Honorable Court of Civil Appeals reversed this judgment and directed the dismissal of the case, holding that the jurisdiction of the Justice Court was determined by the value of the property upon which the lien was asserted, and that since the Justice Court had no jurisdiction the County Court had none.

"The question certified is whether its action was correct.

"We answer that it was. The jurisdiction of the County Court in cases appealed from the Justice Court is dependent absolutely upon the jurisdiction of the Justice Court. If the Justice Court is without jurisdiction there can be no jurisdiction in the County Court. While the case is tried de novo in the County Court, its power is not original. The case is there only in virtue of the appeal. With this true, its power to determine it on the appeal cannot exist if the original tribunal had no power to consider it.

"The jurisdiction of the Justice Court is necessarily determined by the cause of action there asserted, and not merely by a part of the cause of action. If as so determined it is without jurisdiction, the abandonment of a part of the cause of action in the County Court cannot create jurisdiction in the latter.

"The cause of action in the Justice Court, here, being not simply for debt but for the foreclosure of a lien on personal property, as well, the jurisdiction of the court was necessarily dependent upon the value of the property thus brought into controversy and sought to be subjected to judgment. The value of the property so brought into the suit admittedly exceeded the amount of the court's lawful jurisdiction. The abandonment of the lien in the County Court did not, therefore, save the County Court's jurisdiction." 26 Tex. Jur. § 80, p. 876.

We think the only order the county court was authorized to make in this case was one of dismissal. Therefore the judgment of the trial court is reversed and judgment is here rendered dismissing said cause of action.