HERRING–TURNER HARDWARE CO. v.
PARK et al.

No. 2058.

Court of Civil Appeals of Texas. Waco.

Jan. 12, 1939.

984

Brownlee & Brownlee, of Madisonville, for appellant.

Joe E. Webb, of Madisonville, for appellees.

ALEXANDER, Justice.

This case originated in the justice court. The plaintiff, Herring-Turner Hardware Company, sued Bunn Park and others to recover a balance of $64.43 on a promissory note in the sum of $250.20, and to foreclose a chattel mortgage lien on an automobile truck, trailer, a yoke of oxen and other personal property of the alleged value of $198.50. The defendants alleged payment of the note and by cross-action sought to recover for certain over-payments alleged to have been made thereon. A trial in the justice court without a jury resulted in judgment that neither party recover anything and that plaintiff pay all costs. Upon an appeal to the county court a trial without a jury resulted in a like judgment. The plaintiff appealed to this court.

The plaintiff's original pleadings in the county court appear to have been oral. The defendants, by way of written answer, alleged certain payments which were more than sufficient to discharge the note sued on. The plaintiff, by way of supplemental petition, denied the allegations made by the defendants and further alleged that the payments referred to by the defendants had been applied to the discharge of a prior note and open account between the same parties and secured by a first lien on the same personal property. The judgment of the trial court recites that the defendants' exception to said supplemental petition was sustained and that the trial court refused to consider the matters alleged in said supplemental petition because a new cause of action was set up therein. This ruling is assigned as error.

The record is not accompanied by a statement of the facts introduced upon the trial, but the court filed findings of fact in which it is found that the defendants "intended" that the payments made by them were to be applied to the payment of the note sued on and that plaintiff did so apply said payments. However, in the bills of exception contained in the record it is recited over the signature of the judge that no testimony was adduced showing any request or designation by the defendants as to where the payments in question were to be applied, and that no testimony was introduced to show the intention of the parties in this respect other than the fact that the receipts for such payments, as issued by the plaintiff, recite that said payments were applied "on note." It appears from the conclusions of law filed by the trial court that said court concluded that the plaintiff, by reciting in the receipts issued by it that the payments were applied "on note," was as a matter of law bound to apply said payments on the note sued on and was not authorized to apply same on the prior note secured by a lien on the same property.

We think the court was in error in striking out the plaintiff's supplemental petition and in refusing to consider the matters alleged therein. If the defendants did not designate how the payments made by them were to be applied, then the plaintiff had a right to apply same to the older indebtedness held by it against the defendants. 32 Tex.Jur. p. 679. If the plaintiff did so apply said payments to the older indebtedness, as alleged in said second supplemental petition, it should have been permitted to have proven this fact. The mere fact that the receipts issued by the plain-

tiff stated that the payments were applied "on note" was not sufficient to show which of the notes the payments were applied to. We think the record is clear that the court refused to consider plaintiff's plea showing the application made by it of the payments in question and that injury resulted to the plaintiff by reason of such ruling.

■ Appellees contend that the trial court properly refused to consider the matters set out in plaintiff's supplemental petition because the plaintiff. was thereby attempting to plead for the first time in the county court a new cause of action in violation of the provisions of Revised Statutes, art. 958. We do not agree with this contention. While the statute referred to prohibits a party from pleading in the county court for the first time a new cause of action or set-off or counterclaim not pleaded in the court below, it expressly authorizes the pleading of all other new matters in the county court. The plea in question does not come within the prohibited class. It constituted merely a defense to the plea of payment as made by the defendants and could be filed for the first time in the county court. 26 Tex.Jur. 967; Branscum v. Reese, Tex.Civ.App., 219 S.W. 871.

■ Appellees contend that the court is without jurisdiction to review the judgment of the trial court for several reasons. Without setting out the various contentions under this proposition, same are satisfactorily answered as follows: (a) Even though plaintiff filed no written pleading in the justice court and the docket entry did not show the alleged value of the property sought to be foreclosed on, the record does not otherwise affirmatively show that the plaintiff did not orally plead the value of the mortgaged property in the justice court. The presumption is that it did so plead. 26 Tex.Jur. 984, par. 162. The body of the citation issued by the justice of the peace and found in the record showed the alleged value of the mortgaged property to be $198.50. We think the statement contained in the citation could be looked to at least in aid of the presumption that the plaintiff orally alleged the value of the mortgaged property. 26 Tex.Jur. 980. (b) The alleged value of the property sought to be foreclosed on, being larger than the debt sued for, constituted the amount in controversy so as to confer jurisdiction on this court. R.S. art. 1819, Vernon's Ann.Civ.St. art. 1819; 26 Tex. Jur. 817; Childress Oil Co. v. Wood, 111

Tex. 165, 230 S.W. 143. (c) Since plaintiff failed to recover anything in the justice court, it was not necessary for plaintiff to give an appeal bond in order to remove the cause to the county court. The cost bond given by the plaintiff in the justice court was sufficient for this purpose. 26 Tex.Jur. 913; Voges v. Dittlinger, Tex. Civ.App., 72 S.W. 875; Willett v. Herrin, Tex.Civ.App., 161 S.W. 26.

On account of the errors above pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.