ACCEPTED
01-17-00626-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 8:49 AM
CHRISTOPHER PRINE
CLERK

NO. 01-17-00626-CV

IN THE COURT OF APPEALS

FOR THE FIRST COURT OF

APPEALS DISTRICT

AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 8:49:27 AM
CHRISTOPHER A. PRINE
Clerk

_____

HELWIG VAN DER GRINTEN, JAMES W. DALTON AND
ANIS HUSSAIN, APPELLANTS

V.

CITY OF SUGAR LAND, JOE R. ZIMMERMAN, DOUG BRINKLEY, AND
ALLEN BOGARD, APPELLEES

_____

On Appeal from the 434th Judicial District Court
Fort Bend County, Texas, Cause No. 17-DCV-238872

_____

**APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL REPLY APPEAL BRIEF**

_____

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
sastewartlawoffice@gmail.com
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)

ORAL ARGUMENT REQUESTED        ATTORNEYS FOR APPELLANTS

_____

APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY APPEAL BRIEF - Page 1

TO THE HONORABLE COURT OF APPEALS:

1.

Appellants, Helwig Van Der Grinten, James W. Dalton, and Anis Hussain ("Van Der Grinten") respectfully request permission to file a Supplemental Reply Appeal Brief, a copy of which is attached as Exhibit "A", in order to respond to the Supplemental Appeal Brief filed on May 22, 2018 by Appellees, City of Sugar Land, Joe. R. Zimmerman, Doug Brinkley, and Allen Bogard ("Sugar Land").

2.

Being the Appellants in this matter, Van Der Gritten is entitled to have the last brief filed by the Court. As Sugarland has now filed a Supplemental Brief to which Van Der Gritten has not had a chance to respond, this motion should be granted, so that Van Der Gritten can address the arguments and authorities contained in Sugar Land's Supplemental Brief.

3.

The granting of this Motion would not interfere with the progress of this appeal, since the case has not yet been set for submission or oral argument.

4.

Van Der Grinten is well within the word count limit applicable to briefs. TRAP 9.4(i)(2)(B) allows for a total of 27,000 words. Van Der Grinten's appeal

briefs filed in this appeal contain a total of 21,820 words. The Supplemental Reply Appeal Brief Van Der Grinten seeks leave to file contains a total of 1,843 words, so that the total word count of Van Der Grinten's briefs would still be over 3,000 words less than the total word count allowed under TRAP 9.4(i)(2)(B). Thus, allowing Van Der Grinten leave to file the attached Supplemental Reply Appeal Brief should not over-burden the Court.

5.

Van Der Grinten's Supplemental Reply Appeal Brief is submitted to address a serious issue of subject matter jurisdiction raised in this matter concerning Article V, Section 19 of the Texas Constitution. As issues regarding subject matter jurisdiction can be raised at any time during an appeal, it would be proper, and required, for this Court to address these issue(s) of subject matter jurisdiction, and allow Van Der Grinten's Supplemental Reply Appeal Brief to be filed.

## **PRAYER**

Appellants, Helwig Van Der Grinten, James W. Dalton, and Anis Hussain, respectfully pray for leave from the Court to file Appellants' Supplemental Reply Appeal Brief, a copy of which is attached as Exhibit "A".

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman

Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
sastewartlawoffice@gmail.com
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF CONFERENCE

This is to certify that on April 30, 2018, I conferred with George A. Staples, counsel for Appellees, regarding this motion, who advised Appellees do not oppose this motion or the relief requested herein.

/S/Russell J. Bowman
Russell J. Bowman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties of record, as indicated below, on this 25th day of May, 2018, as indicated below:

Mr. George A. Staples                        VIA E-MAIL - gstaples@toase.com
TAYLOR, OLSON, ADKINS, SRALLA & ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107

/S/Russell J. Bowman
Russell J. Bowman

# EXHIBIT A

NO. 01-17-00626-CV

IN THE COURT OF APPEALS

FOR THE FIRST COURT OF

APPEALS DISTRICT

AT HOUSTON, TEXAS

_____

HELWIG VAN DER GRINTEN, JAMES W. DALTON AND
ANIS HUSSAIN, APPELLANTS

V.

CITY OF SUGAR LAND, JOE R. ZIMMERMAN, DOUG BRINKLEY, AND
ALLEN BOGARD, APPELLEES

_____

On Appeal from the 434th Judicial District Court
Fort Bend County, Texas, Cause No. 17-DCV-238872

_____

**APPELLANTS' SUPPLEMENTAL REPLY APPEAL BRIEF**

_____

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
sastewartlawoffice@gmail.com
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEYS FOR PETITIONERS

<u>ORAL ARGUMENT REQUESTED</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUPPLEMENTAL REPLY POINT NO. 1 - SUGAR LAND'S ERRONEOUS
NO FACTS ALLEGED CONSTITUTING A CONSTITUTIONAL
VIOLATION ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUPPLEMENTAL REPLY POINT NO. 2 - SUGAR LAND'S ERRONEOUS
EXHAUSTION ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUPPLEMENTAL REPLY POINT NO. 3 - SUGAR LAND'S ERRONEOUS
MOOTNESS ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUPPLEMENTAL REPLY POINT NO. 4 - SUGAR LAND'S ERRONEOUS
*HOWELL* ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUPPLEMENTAL REPLY POINT NO. 5 - SUGAR LAND'S ERRONEOUS
ARTICLE V ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SUPPLEMENTAL REPLY POINT NO. 6 - SUGAR LAND'S ERRONEOUS
SEPARATION OF POWERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SUPPLEMENTAL REPLY POINT NO. 7 - SUGAR LAND'S ERRONEOUS
EVIDENTIARY ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

## CASES:

*Bernard v. Como*,
381 S.W.3d 538 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Central Power and Light Co. v. Sharp*,
960 S.W.2d 617, 618 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Childress Oil Co. v. Wood*,
111 Tex. 165, 230 S.W. 143, 143 (1921). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*City of Dallas v. Stewart*,
361 S.W.3d 562 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Sherman v. Public Util. Comm'n*,
643 S.W.2d 681, 683 (Tex.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*DiGiuseppe v. Lawler*,
269 S.W.3d 588, 594-95 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dillard v. Austin Indep. Sch. Dist.*,
806 S.W.2d 589, 598 (Tex.App.-Austin 1991, writ denied).. . . . . . . . . . . . . . . 12

*Howell v. Texas Workers' Compensation Commission*,
143 S.W.3d 416 (Tex.App.-Austin 2004, rev. denied). . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Happell*,
4 Tex. 96, 99 (1849). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. Universal Life & Accident Ins. Co.*,
127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*State v. Gillette's Estate*,
10 S.W.2d 984, 987 (1928). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Westheimer Independent School District v. Brockette,*
567 S.W.2d 780, 785 (Tex.1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

## CODES:

Texas Government Code § 29.003(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Texas Transportation Code Chapter 707. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## CONSTITUTION:

Texas Constitution, Article II, Section 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Constitution, Article V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Texas Constitution, Article V, Section 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Texas Constitution, Article V, Section 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9

## RULES:

TRAP 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TO THE HONORABLE COURT OF APPEALS:

This Supplemental Reply Appeal Brief is being filed by Appellants, Helwig Van Der Grinten ("Van Der Grinten"), James W. Dalton ("Dalton"), and Anis Hussain ("Hussain"), to address the erroneous arguments in the Supplemental Brief filed on May 22, 2018 by Appellees, City of Sugar Land, Joe. R. Zimmerman, Doug Brinkley, and Allen Bogard (collectively referred to as "Sugar Land"). The following shows Sugar Land's arguments are without merit.

## SUPPLEMENTAL REPLY POINT NO. 1 - SUGAR LAND'S ERRONEOUS NO FACTS ALLEGED CONSTITUTING A CONSTITUTIONAL VIOLATION ARGUMENT

Sugar Land asserts on page 1 of its Supplemental Brief that Van Der Grinten, Dalton, and Hussain have not alleged any facts which would constitute a violation of the Texas Constitution. That statement is completely false. Van Der Grinten et. al. set forth in elaborate detail the specific sections of the Texas Constitution violated by Transportation Code Chapter 707 and Sugar Land's ordinance, and how those laws violate those sections of the Texas Constitution. CR 11-23.

## SUPPLEMENTAL REPLY POINT NO. 2 - SUGAR LAND'S ERRONEOUS EXHAUSTION ARGUMENT

Sugar Land argues on pages 1-2 of its Supplemental Brief that the cases of *City of Sherman v. Public Utilities Commission*, 642 S.W.2d 681, 683 (Tex. 1983) and *Westheimer Independent School District v. Brockette*, 567 S.W.2d 780, 785 (Tex.

**APPELLANTS' SUPPLEMENTAL REPLY APPEAL BRIEF - Page 5**

1983) are not relevant to the exhaustion of remedies issue when a litigant attempts to attack an administrative action and seeks monetary relief. Sugar Land further argues that neither *City of Sherman* or *Brockette* involved an attempt to recover penalties paid and a failure to exhaust administrative remedies.

Sugar Land misses the significance of *City of Sherman* and *Brockette*. What is important about those cases is not the facts of those cases, but the clear proposition of law set forth by the Texas Supreme Court in those cases. Specifically, that proposition of law is that one is not required to exhaust administrative remedies that are lacking in jurisdiction. Why is that the case? Because one is not required by law to engage in futile or useless acts. *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594-95 (Tex. 2008). This explains precisely why the Texas Supreme Court held in *City of Sherman* and *Brockette* that remedies which lack jurisdiction do not have to be exhausted before bringing suit.

The "remedies" which Sugar Land asserts had to be exhausted in this case are totally lacking in jurisdiction, because Article V, Section 19 of the Texas Constitution gives exclusive jurisdiction over any civil matter $200 or less to justice of the peace courts. As a red light camera penalty is a civil matter less than $200, Article V, Section 19 controls, and the "remedies" of the red light camera laws would be totally lacking in subject matter jurisdiction. Therefore, such "remedies" did not have to be

exhausted before Van Der Gritten, Dalton, and Hussain brought this lawsuit.

## SUPPLEMENTAL REPLY POINT NO. 3 - SUGAR LAND'S ERRONEOUS MOOTNESS ARGUMENT

Sugar Land argues on pages 2-3 of its Supplemental Brief that the "remedies" of the red light camera laws could moot Plaintiffs' claims, so that their failure to exhaust those "remedies" precludes Plaintiffs from bringing this lawsuit. Such certainly does not apply to Van Der Grinten, since he exhuasted the "remedies" espoused by Sugar Land. As to Dalton and Hussain, since the "remedies" provided by the red light camera laws lack subject matter jurisdiction under Article V, Section 19, those "remedies" could not moot any of their claims, since they lack the power to do anything.

This is why the cases of *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012); and *Bernard v. Como*, 381 S.W.3d 538 (Tex. 2012) cited by Sugar Land on page 3 of its Supplemental Brief that exhaustion of remedies applies because the "remedies" of the red light camera laws might moot Dalton and Hussain's claims is not correct. None of the administrative remedies involved in those cases were lacking in subject matter jurisdiction, as is the case here. This is why those cases do not apply.

## SUPPLEMENTAL REPLY POINT NO. 4 - SUGAR LAND'S ERRONEOUS *HOWELL* ARGUMENT

As it did in the trial court and its appeal brief, Sugar Land again relies on

*Howell v. Texas Workers' Compensation Commission*, 143 S.W.3d 416 (Tex.App.-Austin 2004, rev. denied), for the argument that the Legislature can override the grant of exclusive jurisdiction contained in Article V, Section 19 of the Texas Constitution. As Van Der Grinten, Dalton, and Hussain pointed out on pages 44-45 of their Appeal Brief and pages 13-14 of their Reply Appeal Brief, *Howell* does not support Sugar Land's argument, because each of the justice of the peace court lawsuits involved in *Howell* were over $200. Sugar Land asserts on page 5 of its Supplemental Brief this is "simply untrue".

It is Sugar Land's statement to this effect that is untrue. In each of the approximately 723 separate justice of the peace courts lawsuits involved in *Howell*, recovery was sought for unpaid medical bills, and $1,050 in attorney's fees. *Howell*, 143 S.W.3d at 429. The attorney's fees sought in each of those justice of the peace court lawsuits would be included in determining the amount in controversy for jurisdiction purposes. See *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936) and the other authorities cited on pages 44-45 of Van Der Grinten et. al.'s Brief, all of which Sugar Land never addresses,because those authorities show Sugar Land's reliance on *Howell* is erroneous.

## SUPPLEMENTAL REPLY POINT NO. 5 - SUGAR LAND'S ERRONEOUS ARTICLE V ARGUMENT

Van Der Gritten, et. al., clearly demonstrated in their Appeal Brief and Reply

Appeal Briefs how Article V, Section 19 of the Texas Constitution makes the hearing officer and the municipal court judge appeal by trial de novo "remedies" completely lacking in jurisdiction. Sugar Land's argument in response on pages 5-6 of its Supplemental Brief is that Article V only determines jurisdiction of courts and has no relevance to the jurisdiction of administrative actions. Such an argument is completely wrong.

Article V, Section 8 of the Texas Constitution provides district courts with exclusive, appellate and original jurisdiction of all actions, proceedings, and remedies except in cases where exclusive, appellate or original jurisdiction may be conferred by the constitution or other law on some other court, tribunal, or administrative body. Thus, Article V of the Texas Constitution clearly deals with adminsitrative tribunals.

Article V, Section 19 conveys exclusive jurisdiction of all civil matters $200 or less to justice of the peace courts. Being a constitutional provision, it would control over any law passed by the Legislature. If the Constitution confers exclusive jurisdiciton over any subject matter, it is not within the power of the Legislature to give that jurisidiction to another tribunal. *Johnson v. Happell*, 4 Tex. 96, 99 (1849); *State v. Gillette's Estate*, 10 S.W.2d 984, 987 (1928). Article V, Section 19 of the Texas Constitution clearly applies in this case, since the Legislature (and Sugar Land through its ordinance) attempt to confer jurisdiction on tribunals in violation of the

exclusive jurisdiction conferred by that provision of the Texas Constitution. This shows Sugar Land's argument is without merit.

## SUPPLEMENTAL REPLY POINT NO. 6 - SUGAR LAND'S ERRONEOUS SEPARATION OF POWERS ARGUMENT

If the trial court's ruling is allowed to stand, a vehicle owner like Van Der Grinten, Dalton, or Hussain, could never challenge the validity or constitutionality of the red light camera laws. The hearing officer has no authority to hear such claims, because administrative remedies lack the power to determine constitutional issues. *Central Power and Light Co. v. Sharp*, 960 S.W.2d 617, 618 (Tex. 1997). The hearing officer would likewise lack subject matter jurisdiction, because of Article V, Section 19 of the Texas Constitution. The municipal court judge, in its appeal by trial de novo status, likewise has no authority to hear such claims, since it only has the jurisdiction the hearing officer has. See *Childress Oil Co. v. Wood*, 111 Tex. 165, 230 S.W. 143, 143 (1921) and the other authorities cited on page 39 of Van Der Grinten et. al.'s Brief, none of which Sugar Land addresses.

Under Section 29.003(g) of the Texas Government Code, the Legislature makes the municipal court judge the exclusive appellate jurisdiction available to a vehicle owner. This makes the only court available to a vehicle owner one that completely lacks jurisdiction to act, and has no authority to rule on the validity of the red light camera laws. Thus, the procedure set up by the Legislature provides no basis

whatsoever for a vehicle owner to challenge the constitutionality or validity of the red light camera laws.

Nothing illustrates this more than this case. Van Der Grinten utilized the "remedies" of the red light camera laws, yet Sugar Land asserts he cannot challenge the constitutionality of the red light camera laws. Dalton and Hussain paid their penalty under duress, so that the registration on their vehicles could continue to be renewed, and now seek reimbursement based on the unconstitutionality of the red light camera laws, yet Sugar Land asserts they are unable to do so. If Sugar Land's argument were followed, that would mean no vehicle owner could ever challenge the constitutionality of the red light camera laws, because whether they paid the penalty or not, they could not challenge the constitutionality of the red light camera laws.

Such a result violates the separation of powers clause of the Texas Constitution (Article II, Section 1), as it would put the red light camera laws beyond constitutional review by the courts. This is why the cases discussed by Sugar Land on pages 6-10 of its Supplmental Brief are inapplicable, as none of them involved the type of situation present here where a statute was effectively put beyond the power of a court to review.

### SUPPLEMENTAL REPLY POINT NO. 7 - SUGAR LAND'S ERRONEOUS EVIDENTIARY ARGUMENT

Finally, Sugar Land asserts on pages 11-13 that Van Der Grinten et. al.

produced no evidence to refute the evidence offered by Sugar Land that its officials did not personally engage in the acts alleged against them.  As was demosntrated on pages 34-35 of Van Der Grinten et. al.'s Reply Appeal Brief, this argument fails, because an ultra vires claim like those brought in this case is required to be brought against the city official in authority at the governmental unit.  *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 598 (Tex.App.-Austin 1991, writ denied).  Whether the official personally engaged in the act is irrelevant, such that this argument of Sugar Land's is without merit.

For all of the above reasons, and those contained in their Appeal Brief and Reply Appeal Brief, Plaintiffs/Appellants request: (1) the trial court's July 24, 2017 order be vacated and reversed; (2) the case be remanded back to the trial court, so the case can proceed on its merits; (3)  Plaintiffs/Appellants be awarded all taxable costs of this appeal; and (4) for any and all other relief to which Plaintiffs/Appellants may be entitled, at law or equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
sastewartlawoffice@gmail.com

800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Appellants' Supplemental Reply Appeal Brief, not including the items set forth in TRAP 9.4(i)(1) which are not counted for purposes of computing the number of words in this Brief, contains 1,843 words. This word count was determined by using the computer program, WordPerfect X5, that was used to prepare this Appellants' Supplemental Reply Appeal Brief.

/S/Russell J. Bowman
Russell J. Bowman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record indicated below, on this 25th day of May, 2018, as indicated below:

Mr. George A. Staples                    VIA E-MAIL - gstaples@toase.com
TAYLOR, OLSON, ADKINS, SRALLA & ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107

/S/Russell J. Bowman
Russell J. Bowman