**Affirmed and Opinion Filed July 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01608-CV

### MIKE JABARY, Appellant
### V.
### CITY OF ALLEN, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-01635-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Mike Jabary appeals the trial court's summary judgment in favor of the City of Allen on its plea to the jurisdiction. In five issues, Jabary contends the trial court erred by granting summary judgment because the City did not tell Jabary he had a right to appeal or had to exhaust his administrative remedies, the trial court should have granted additional time for discovery, and fact issues preclude summary judgment.[1] We affirm the trial court's judgment.

In early January 2009, Jabary applied for a commercial certificate of occupancy for a restaurant in Allen. About a week later, he submitted an application for a building permit and certificate of occupancy stating the building would be used for a restaurant and hookah bar. On January 29, 2009 Jabary was issued a certificate of occupancy for the building "for use as a

---

[1] During oral argument, Jabary withdrew his first issue regarding whether the City could claim sovereign immunity from takings claims.

RESTAURANT (NO DRIVE-IN OR THROUGH)." When it later became apparent to City officials that Jabary's business was primarily a hookah bar and was not capable of being used as a restaurant, chief building official Bret McCullough issued a "Notice of Violation" tag, stating Jabary was operating the business in violation of the certificate of occupancy because the "establishment does not meet criteria for restaurant use." The notice, dated June 9, 2010, effectively revoked Jabary's certificate of occupancy. The following day, the Allen Police Department issued a written statement that the certificate of occupancy had been revoked after "City staff determined by the lack of food, the unsanitary conditions of the food preparatory area, and the out of date food products that were not fit for human consumption [that] Jabary was not operating as a restaurant."

Jabary sued the City in federal and state courts. In his state lawsuit, he alleged both private and public takings (as well as an official oppression claim which he later abandoned). The City filed a motion for summary judgment on the ground that, because Jabary had not exhausted his administrative remedies, his claim was not ripe. In response, Jabary argued he was not required to exhaust his remedies because he did not get proper notice and any appeal would be futile. After the trial court granted summary judgment in favor of the City, Jabary filed this appeal.

Because issue four is dispositive, we begin with the question of whether Jabary was required to exhaust his administrative remedies before proceeding with the merits of his case.

Although the Texas Constitution waives immunity for suits brought under the takings clause, this does not mean that a constitutional suit may be brought in every instance. *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 236 (Tex. 2011). The legislature's "broad authority to prescribe compensatory remedies for takings is well-established, so long as those methods comply with due process and other constitutional requirements." *Id*. When the legislature

–2–

creates such a statutory procedure, a party may seek recourse by filing a constitutional suit only where the statutory procedure proves inadequate. *Id*.; *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 929 (Tex. 1998) ("[I]n order for a regulatory takings claim to be ripe, there must be a final decision regarding the application of the regulations to the property at issue."); *see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985) ("The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation."). When a provision or procedure exists for compensation or recourse, a constitutional claim is necessarily premature. *See VSC, LLC*, 347 S.W.3d at 236 (citing *Williamson Cnty*., 473 U.S. at 194–95). Thus, as a general rule, when a party asserts a takings claim based on an allegedly improper administrative determination, he must first appeal that determination and assert his takings claim in that proceeding. *Patel v. City of Everman*, 361 S.W.3d 600, 601 (Tex. 2012) (per curiam). A party may forgo the administrative determination, however, if an exception, such as futility, is established. *See Mayhew*, 964 S.W.2d at 929, 931−32.

The City moved for summary judgment, asserting a plea to the jurisdiction. Specifically, the City argued the trial court lacked subject matter jurisdiction over Jabary's claims because he failed to appeal the revocation of his certificate of occupancy to the City board of adjustment and, as a result, Jabary's claims were not ripe.

In support of its motion, the City filed copies of the City's municipal code and the Allen land development code, along with the affidavits of city employees Bo Bass and Les Folse, and Jabary. Section 1.08 of the municipal code provides a certificate of occupancy is required to conduct business within a building. ALLEN, TEX., CODE § 1.08.1. It also provides that the City's chief building official "may, in writing, suspend or revoke a certificate of occupancy" when it is determined that the structure or any portion of the same "is in violation of any ordinance or

regulation or any provision of this Code or the building codes . . .." *Id*. § 1.08.9. Section 2.02.1, in conformity with the local government code, establishes the five-member board of adjustment and provides that a party affected by "any decision of the chief building officer" may file an appeal within fifteen days of the date of the decision with the board. *Id*. § 2.02.1; TEX. LOC. GOV'T CODE ANN. § 211.008−.010 (West 2008). The municipal code also provides that, during the pending appeal, "all proceedings in furtherance of the action appealed from" are stayed. ALLEN, TEX., CODE § 2.02.1.

Bo Bass, the director of community development, is responsible for administering (1) the City department that handles planning and development functions, (2) the City's land development code, including the zoning code provisions, and (3) the City department overseeing City codes applicable to health and building code requirements, including those applicable to restaurants. According to Bass, Jabary was issued a certificate of occupancy for a restaurant; thus, the "principal or primary or most important or most consequential aspect of the business operated by [Jabary] must be a restaurant, instead of some other use." Bass stated Jabary's principal use was a hookah lounge where the primary "business operation was the selling of tobacco or smoking products which he then allowed his patrons to smoke or consume on the premises using a hookah." While Jabary's lounge had a retail sales counter, it did not have working sinks and there was "little or no food on the premises that was fit for consumption." Based on this and other information, Bass said it appeared Jabary did not have an operating restaurant and "was not capable of having an operational restaurant meeting health code requirements for a restaurant." Bass also discussed the appeals process available to a person whose certificate of occupancy is revoked and testified Jabary "has never appealed, nor has any other person acting on behalf of Mr. Jabary appealed the revocation of his Certificate of Occupancy."

Les Folse, the City code inspection supervisor, said he was involved in inspections of businesses to determine compliance with City code requirements since February 2006. Folse wrote out the information on Jabary's notice of violation, but it was signed and issued by McCullough, the chief building official. According to Folse, he and McCullough were both present at the time and handed the notice to Jabary at his place of business on June 9, 2010.

In his affidavit, Jabary claimed he sold food, drinks, and tobacco products as "permitted by its Certificate of Occupancy" but conceded his business "operated as a hookah bar since its inception."

This evidence establishes that, although Jabary was issued a certificate of occupancy for a restaurant, he was operating a hookah bar. It also shows Jabary was handed the notice of the revocation on June 9 but did not file an appeal with the board of adjustment within fifteen days of that date. Although Jabary filed a response to the motion, he did not offer any evidence to refute what the City offered nor did he provide evidence or any argument as to why an appeal to the board of adjustment would have been futile. Because the City conclusively established Jabary failed to exhaust his administrative remedies, the trial court did not err by granting summary judgment in the City's favor.

In reaching this conclusion, we reject Jabary's argument he was denied discovery in the trial court that would help him establish futility. In his appellate brief, Jabary refers to a single 1981 federal case but does not analyze that case or apply the law to the facts of his case. He does not address the standard of review or state law on the issue and we are not responsible for doing the legal research. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App—Dallas 2010, no pet.). Under these circumstances, we conclude Jabary has failed to properly brief this issue on appeal. *See* TEX. R. APP. P. 38.8(i).

Furthermore, during the hearing on the motion for continuance, Jabary represented to the trial court that he had "about 30 requests for production," including the depositions of the mayor, chief building officer, the chief of planning and development, and several "high-ranking city officials" that could be tied directly to the futility argument, yet he made no attempt or argument to show how any of these depositions would establish futility. He did not claim any of those individuals whose depositions he sought was on the board of adjustment or had any influence over the board, and in fact, Jabary conceded as much to the trial court. In addition, Jabary did not file a discovery request about the board of adjustment. When asked by the trial court, Jabary claimed that, even without a continuance, he had documentation in his possession that indicated the finality of the decision and established his futility exception; however, he does not cite us to that evidence. Finally, when the trial court noted that futility needed to be more than "a foregone conclusion" or seeing "the handwriting on the wall," Jabary argued, without any supporting evidence, that an appeal was futile because the board of adjustment had no authority to change the result. We note, however, the Allen municipal code provides that, when an appeal is filed,

> The board shall decide the appeal within 90 days after placement on its agenda, after which time the request shall be deemed approved. The board may reverse or affirm in whole or in part or modify the order, requirement, decision, or determination from which an appeal is taken and make the correct order, requirement, decision or determination.

Contrary to Jabary's assertions, the plain language of the code indicates the board is vested with the authority to make the "correct" decision, including reversing a previous order, decision, or determination, including the revocation of a certificate of occupancy. *See also* TEX. LOC. GOV'T CODE ANN. § 211.009. For these reasons, we conclude this argument lacks merit.

We likewise reject Jabary's argument in his second issue that the "lack of post-deprivation process triggers [the] exhaustion exception." Under this argument, Jabary claims he was not required to file an appeal with the board of adjustments because no one told him he

could appeal. We first note that Jabary has waived this issue because he did not raise it below. *See Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 611 (Tex. 2012); *In re B.N.L.-B.*, 375 S.W.3d 557, 564 (Tex. App—Dallas 2012, no pet.). Furthermore, both the United State Supreme Court and the Texas Supreme Court have considered and rejected similar arguments. *See City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999) ("Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him. The City need not take other steps to inform him of his options."); *VSC, LLC*, 347 S.W.3d at 238−39 ("The Legislature provided a statutory remedy for the return of the property that was easily discoverable from public sources."). Here, the City gave Jabary notice of the revocation and the City municipal code provided a statutory remedy that was easily discoverable from public sources. *See* TEX. LOC. GOV'T CODE ANN. § 211.008−.011; ALLEN, TEX., CODE § 2.02.1. The City was under no duty to invite Jabary to appeal to the board of adjustment. *See VSC, LLC*, 347 S.W.3d at 239. We overrule Jabary's second and fourth issues. In light of our disposition of issues two and four, we need not address Jabary's remaining issues. *See* TEX. R. APP. P. 47.4.

     We affirm the trial court's summary judgment.

121605F.P05

        /Molly Francis/
        MOLLY FRANCIS
        JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MIKE JABARY, Appellant

No. 05-12-01608-CV          V.

CITY OF ALLEN, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-01635-2012.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF ALLEN recover its costs of this appeal from appellant MIKE JABARY.

Judgment entered July 3, 2014