**Jayanti PATEL, Petitioner,**

v.

**CITY OF EVERMAN, Respondent.**

No. 09–0506.

Supreme Court of Texas.

Jan. 27, 2012.

Joseph Wesley Dauphinot, Law Office of Wes Dauphinot, P.C., Arlington, TX, Chip N. Searcy, Shackelford, Hawkins & Searcy, P.C., Bill E. Bowers, Griffith, Jay & Michel, LLP, Fort Worth, TX, for Mr. Jayanti Patel.

Frederick Wayne 'Fritz' Quast, Elizabeth A. 'Betsy' Elam, Tim G. Sralla, Daniel R. Barrett, Taylor, Olson, Adkins, Sralla & Elam, LLP, Fort Worth, TX, for City of Everman.

PER CURIAM.

A property owner appealed an administrative determination that his property was a nuisance, and he also asserted a takings claim. He then nonsuited the case. He later filed this suit, again alleging that the government illegally took his property. Because he is collaterally estopped from doing so, we affirm the court of appeals' judgment.

Jayanti Patel owned twenty buildings in the City of Everman. The City notified Patel that it intended to demolish fifteen of his buildings because they were substandard. After a hearing, the City Council adopted the Planning and Zoning Commission's recommendation that the buildings be demolished.

Patel sued to enjoin the demolition, and the trial court signed an agreed order requiring him to bring all fifteen buildings into compliance with the City's code. Patel did not honor his commitment, and the City again notified him that his buildings were substandard. The City held another hearing, and the administrative board voted to demolish all twenty of Patel's buildings. Patel again sued to stop the demolition. He also alleged a taking and asked the trial court to issue a writ compelling the administrative board to review its demolition decisions. *See* TEX. LOC. GOV'T

CODE § 214.0012 (prescribing judicial review procedures for administrative nuisance determinations). Patel later nonsuited the case, and the City demolished all but two of the buildings.

Patel sued the City in federal court, asserting claims under 42 U.S.C. § 1983 for deprivations of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. The federal district court granted the City's motion for summary judgment,[1] the Fifth Circuit affirmed, and the Supreme Court of the United States denied Patel's petition for writ of certiorari. *Patel v. City of Everman*, No. 4:99CV–982–BE, 2001 WL 11074, at *5, 2001 U.S. Dist. LEXIS 34, at *17 (N.D.Tex. Jan. 3, 2001), *aff'd*, 275 F.3d 46 (5th Cir.2001), *cert. denied*, 535 U.S. 954, 122 S.Ct. 1357, 152 L.Ed.2d 353 (2002). Patel also filed this suit in state court, alleging an unconstitutional taking. The trial court granted the City's summary judgment motion, and the court of appeals affirmed as to fifteen of the buildings and remanded as to the four buildings that were demolished but were not subject to the agreed order. *Patel v. City of Everman*, 179 S.W.3d 1, 18 (Tex.App.-Tyler 2004, pet. denied) (holding that Patel consented to the destruction of the fifteen buildings subject to the agreed order when he failed to comply with the order). The court of appeals concluded that as to those four buildings, fact issues remained regarding the existence of violations of the City's building ordinances. *Id.* On remand, the City moved for summary judgment as to all four properties, as well as

no-evidence summary judgment as to Patel's two properties that were not demolished. The trial court granted the City's motion and the court of appeals affirmed, holding that Patel's failure to pursue an appeal of the administrative nuisance finding barred his takings claim.[2] 2009 WL 885916, at *7, 2009 Tex.App. LEXIS 2203, at *20 ("Having nonsuited his direct attack on the ruling of the Board regarding his buildings, and not having otherwise sought judicial review of the Board's order within the thirty-day period prescribed by [Local Government Code] section 214.0012, Patel is collaterally estopped from now bringing this suit.").

Patel argues that the court of appeals wrongly concluded that collateral estoppel precludes his takings claim. We disagree. We recently held that a party asserting a taking based on an allegedly improper administrative nuisance determination must appeal that determination and assert his takings claim in that proceeding. *See City of Dall. v. Stewart*, 361 S.W.3d 562 (Tex. 2012). We noted that "[a]lthough agencies have no power to preempt a court's constitutional construction, a party asserting a taking must first exhaust its administrative remedies and comply with jurisdictional prerequisites for suit." *Id.* (footnote omitted). We also held that "a litigant must avail [himself] of statutory remedies that may moot [his] takings claim, rather than directly institute a separate proceeding asserting such a claim." *Id.* (citing *City of Dall. v. VSC*, 347 S.W.3d 231 (Tex. 2011)). Here, Patel appealed the administrative nuisance determination. Although

---

1. The district court dismissed as premature Patel's takings and procedural due process claims, as well as his challenges to Local Government Code section 214.001. *Patel v. City of Everman*, No. 4:99CV–982–BE, 2001 WL 11074, at *1 n. 3, 2001 U.S. Dist. LEXIS 34, at *4 n. 3 (N.D.Tex. Jan. 3, 2001), *aff'd*, 275 F.3d 46 (5th Cir.2001), *cert. denied*, 535

U.S. 954, 122 S.Ct. 1357, 152 L.Ed.2d 353 (2002).

2. This appeal concerns only the four buildings that were demolished but not subject to the agreed order or the no-evidence motion for summary judgment.

that was the proper forum for litigating his takings claim, he nonsuited the case. Patel cannot attack collaterally what he declined to challenge directly. *See id.* (noting that a failure to assert a constitutional claim on appeal from an administrative determination precludes a party from raising the issue in another proceeding). We agree with the court of appeals: Patel's takings claim is barred.

Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we grant the petition for review and affirm the court of appeals' judgment.