# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0888
════════════

CITY OF BEAUMONT, PETITIONER,

v.

YVONNE COMO , RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

The City notified a building owner that her property was in disrepair and that, unless she repaired it, the City might demolish it. After the owner failed to remedy the problem, the City declared the property a public nuisance and condemned it. Rather than appeal the nuisance determination, the property owner asserted a takings claim after the demolition. Because she is precluded from doing so, we reverse in part the court of appeals' judgment and render judgment dismissing her claims.

Yvonne Como owned a commercial building in the City of Beaumont. The City informed Como that her building was vacant, neglected, deteriorated, and dilapidated, and that the City had scheduled a Dilapidated Structure Public Hearing. The City warned Como that if she failed to address the situation, the City might demolish the structure.

Before the hearing, Como requested a copy of the City's file, which included reports and evaluations made after the City had inspected her property. She then notified the City that she would not attend the hearing and emphasized her belief that the City was singling out her property even

though nearby buildings in similar condition had not been slated for demolition. At the hearing, the City Council passed an ordinance deferring action on the building for at least forty-five days. Como was required to secure the building during this time.

After the forty-five days had lapsed, the City notified Como that her building remained in disrepair and that the City had scheduled another Dilapidated Structure Public Hearing. Como responded that she would not attend the hearing and that she disagreed that her building qualified as a dangerous structure under the applicable ordinances. At the hearing, the City Council passed an ordinance declaring Como's building (along with eighty-seven other structures) a public nuisance and condemned it—a decision Como never appealed. Six months later, the City began demolishing the building.

More than a year after demolition, Como sued the City, ultimately asserting eight claims. The first three—a takings claim, an Equal Protection claim, and an Equal Rights Amendment claim—were brought under the Texas Constitution, and the fourth was based on the Texas Public Information Act. The last four—another takings claim, an improper seizure claim, and two Equal Protection claims—were brought under the United States Constitution. The City filed an immunity-based plea to the jurisdiction, which the trial court granted.

Como appealed, and the court of appeals initially affirmed the trial court's judgment but then granted rehearing after our initial opinion in *City of Dallas v. Stewart*, 54 Tex. Sup. Ct. J. 1348 (July 1, 2011), *opinion withdrawn*, *substituted opinion at* 361 S.W.3d 562 (Tex. 2012). 345 S.W.3d 786, 789. The court read *Stewart* to hold that a nuisance determination could not be finally determined in an administrative proceeding. *Id.* at 792. Thus, even though "Como could have, but did not, avail herself of her right to challenge the City's decision, the administrative-level decision to demolish

2

Como's property [did] not preclude Como from seeking a de novo review of that decision in a constitutional suit." *Id.* The court determined that Como's state and federal takings claims survived and reversed and remanded the trial court's judgment on those claims. *Id.* at 799. The court affirmed the remainder of the judgment, except for Como's Public Information Act claim, which the court dismissed as moot. *Id.* The City petitioned this Court for review.

We have since clarified that a property owner is not entitled to de novo review of an administrative nuisance determination in all circumstances. *See City of Dall. v. Stewart*, 361 S.W.3d 562, 580 (Tex. 2012) (stating that "de novo review is required only when a nuisance determination is appealed").[1] Instead, "a party asserting a taking based on an allegedly improper administrative nuisance determination must appeal that determination and assert [her] takings claim in that proceeding." *Patel v. City of Everman*, 361 S.W.3d 600, 601 (Tex. 2012) (per curiam); *see also Stewart*, 361 S.W.3d at 579 (holding that "takings claims must be asserted on appeal from the administrative nuisance determination"). A party must also "avail [herself] of statutory remedies that may moot [her] takings claim, rather than directly institute a separate proceeding asserting such a claim." *Id.*; *see also City of Dall. v. VSC, LLC*, 347 S.W.3d 231, 234–37 (Tex. 2011) (holding that the plaintiff "must have utilized [available administrative] procedures before a takings suit [could] be viable" and "reject[ing] taking claim because [plaintiff] did not pursue an established remedy to recover its claimed interest in the seized property"). Here, Como never appealed her nuisance determination. Because she "cannot attack collaterally what she cho[se] not to challenge directly,"

---

[1] This principle was implicit in our original *Stewart* opinion, with which the court of appeals' opinion conflicts, giving us jurisdiction over this interlocutory appeal. *See* TEX. GOV'T CODE § 22.225(c), (e); *see also City of Dall. v. Stewart*, 54 Tex. Sup. Ct. J. 1348 (July 1, 2011), *opinion withdrawn*, *substituted opinion at* 361 S.W.3d 562 (Tex. 2012).

*Stewart*, 361 S.W.3d at 580, her takings claims are barred, and the trial court correctly dismissed them.

Accordingly, without hearing oral argument, we grant the petition for review, reverse in part the court of appeals' judgment, and render judgment dismissing Como's claims. TEX. R. APP. P. 59.1, 60.2(c).

**OPINION DELIVERED**: August 31, 2012