

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-10-00836-CV

Mei-Chiao Chen **WU**, Richard Hsu, Maya Hsu and Tzyy-Wen-Hzy,
Appellants

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-17146
Honorable David A. Berchelmann, Jr., Judge Presiding

### OPINION ON DENIAL OF APPELLANT'S MOTION FOR REHEARING

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 14, 2013

REVERSED AND REMANDED

On March 6, 2013, we issued an opinion and judgment reversing the trial court's judgment and remanding the cause to the trial court for further proceedings. Appellee, City of San Antonio, has filed a motion for rehearing. We deny the motion, but withdraw our opinion and judgment of March 6, 2013, and issue this opinion and judgment in their place.

Mei-Chiao Chen Wu, Richard Hsu, Maya Hsu, and Tzyy-Wen-Hzy ("Appellants"), appealed the determination of the City of San Antonio's Dangerous Structure Determination Board

("DSDB") that an apartment building was a public nuisance. After the City demolished the building, Appellants amended their pleadings to allege an inverse condemnation takings claim against the City of San Antonio. The trial court granted final summary judgment in favor of the City. We reverse the judgment and remand the cause to the trial court.

## BACKGROUND

Appellants were or had been owners or lienholders of property located at 2202 Vance Jackson, San Antonio, Texas, that was purchased in a tax foreclosure sale in 1995. The property included a two story, twenty unit, brick apartment building, a carport, a storage building, and a pool. In September 2005, the City brought the property before its Dangerous Structure Determination Board. The DSDB determined the property was a public nuisance in violation of Chapter 6, Article VIII, Section 6–156 of the City Code of San Antonio and ordered the buildings be demolished and the pool filled.

Appellants appealed the DSDB's order to the district court pursuant to Section 6–173 of the City Code and Chapter 214 of the Texas Local Government Code, under which the trial court was required to conduct a substantial evidence review of the DSDB's decision. *See Wu v. City of San Antonio*, 216 S.W.3d 1, 3 (Tex. App.—San Antonio 2006, no pet.) ("*Wu I*"); TEX. LOC. GOV'T CODE ANN. § 214.0012(f) (West 2008); San Antonio, Tex., Code of Ordinances ch. 6, art. VIII, § 6-173 (1997). Appellants also sought a temporary injunction to prevent the demolition of the buildings pending the trial court's review of the demolition order. The trial court granted a temporary restraining order, pending a hearing on Appellants' application for a temporary injunction.

On November 18, 2005, the trial court heard and denied the application for a temporary injunction. The court found the City provided substantial evidence in support of the demolition order and that Appellants had not shown they were entitled to a temporary injunction. Appellants

filed an interlocutory appeal of the order denying the temporary injunction. This court affirmed the order, holding the trial court did not abuse its discretion in finding that substantial evidence supported the DSDB's demolition order and that Appellants therefore failed to show a probable right of recovery. *Wu*, 216 S.W.3d at 7. Appellants did not file a petition for review, but filed a petition for a writ of mandamus in the Texas Supreme Court, which the court denied.

After this court's mandate issued, the City demolished the buildings. Appellants then filed an amended petition in the trial court, in which they continued to assert that the DSDB's order was illegal and not based on substantial evidence, and added a new claim for inverse condemnation, seeking compensation for the destruction of their property. The City moved for summary judgment on the ground that Appellants were collaterally estopped from challenging the finding that the property was a public nuisance and therefore were entitled to no compensation as a matter of law. The City supported its motion with the DSDB's order, the findings and conclusions the trial court issued with its denial of the temporary injunction, and this court's opinion affirming the trial court's interlocutory order. The City subsequently filed a reply in support of its motion for summary judgment, in which it raised the affirmative defense of consent. The trial court granted the City's motion for summary judgment without specifying the ground upon which it relied. Appellants timely appealed.

### STANDARD OF REVIEW

When the trial court does not specify the grounds on which it granted summary judgment, we will affirm the judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). As movant, the City had the burden to conclusively negate an element of Appellants' cause of action or to conclusively establish all elements of its affirmative defense. *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004); *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d

643, 645-46 (Tex. 2000). We review the summary judgment *de novo*. *Provident Life*, 128 S.W.3d at 215. We take as true all evidence favorable to the nonmovant, and we indulge all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.*

## PUBLIC NUISANCE AND COLLATERAL ESTOPPEL

Appellants argue the summary judgment evidence did not conclusively establish the property was a public nuisance or that there had been a previous nuisance determination that collaterally estops their inverse condemnation takings claim. We agree.

"[T]he government commits no taking when it abates what is, in fact, a public nuisance." *City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012). Thus, a finding that property is a public nuisance will generally be dispositive of a takings claim. *Id.* However, takings suits are "fundamentally, *constitutional* suits, and must ultimately be decided by a court rather than an agency." *Id.* at 568. Before an agency's administrative nuisance determination will collaterally estop a takings claim, the Texas Constitution requires independent, de novo review by a court. *Id.* at 564, 569; *see id.* at 567-68, 574 (recognizing that inverse condemnation claims arising from administrative nuisance determinations should not be treated differently from eminent domain cases, where a property owner who is dissatisfied with the decision of the board of commissioners may file a petition in district court and proceed as in ordinary civil cases; the trial court hears the matter de novo and the board's determination of value is given no weight). In *Stewart*, the Texas Supreme Court held that substantial evidence review of the administrative board's nuisance determination, resulting in demolition of a home, did not sufficiently protect the owner's rights under Article I, Section 17 of the Texas Constitution. *Id.* at 566. The court held that the board's determination and the trial court's affirmance of it under a substantial evidence standard were not entitled to preclusive effect in the takings suit. *Id*. at 580-81.

In this case, the trial court reviewed the DSDB's demolition order in the course of deciding Appellants' request for a temporary injunction. The trial court concluded that because substantial evidence supported the Board's order, appellants had failed to prove a likelihood of success on the merits, and the court denied the temporary injunction. Appellants argue that because the trial court did not conduct a de novo review of the DSDB's order, neither that order nor the trial court's ruling have preclusive effect on their takings claim. The City argues Appellants are estopped from asserting their takings claim because the trial court in actuality conducted a de novo review of the DSDB's order when it heard and ruled on the application for a temporary injunction. Additionally, the City contends Appellants are precluded from raising a takings claim based on *Stewart* because they did not assert the claim when they appealed the DSDB's order. We agree with Appellants.

The City asserts that the trial court "conducted a full-blown trial on the merits," "did not defer to the actions taken by the administrative agency," "insisted on hearing this case *de novo*," and "the parties presented their witnesses and introduced exhibits as if there had never been a prior administrative determination." Initially, we note the City did not include a reporter's record of the temporary injunction hearing as part of its summary judgment evidence. Thus, even if we were to agree with the City's characterization of the trial court's review, the collateral estoppel defense would not have been established as a matter of law by the summary judgment evidence. More importantly, we disagree with the City's characterization of the trial court's review. The written findings and conclusions the trial court made after the temporary injunction hearing and this court's opinion in *Wu I* establish that, although the court heard additional evidence at the temporary injunction hearing, the trial court reviewed the DSDB's order under a hybrid substantial evidence standard.[1] The trial court's findings and conclusions include a statement that the court's review

---

[1]This hybrid standard, between pure de novo review and pure substantial evidence review, "allows the reviewing court to hear additional evidence in existence at the time of the administrative hearing, regardless of whether it was actually

of the DSDB's order was under the substantial evidence rule. The trial court also found the City "provided competent testimony and evidence . . . showing there was substantial evidence before the Dangerous Structure Determination Board supporting its September 12, 2005 order to demolish the structures at 2202 Vance Jackson" and concluded the order was supported by substantial evidence. The findings and conclusions do not include any findings regarding the constitutionally relevant facts or any conclusions applying the law to the historical facts. The summary judgment record does not reflect that the trial court made any fact findings based on the evidence presented at the hearing, or that it made any independent legal-factual determinations, applying the appropriate legal standards to the historical facts. *See Stewart*, 361 S.W.3d at 576-78 ("in the takings context, . . . mixed questions of law and constitutionally relevant fact—like the nuisance determination here—must be reviewed de novo").

When this court reviewed the trial court's order on interlocutory appeal, we stated that under the hybrid standard of review employed by the trial court, the court was to determine, based on an examination of the evidence presented at trial, whether there was substantial evidence to support the Board's ruling. *Wu I*, 216 S.W.3d at 4. The trial court was to presume the agency's order was valid and the party seeking to overturn the agency determination bore the burden of showing that it was not supported by substantial evidence. *Id.* at 5 (citing *City of San Antonio v. Texas Water Comm'n*, 407 S.W.2d 752, 758 (Tex. 1966)). This review "requires 'only more than a mere scintilla' to uphold the order." *Wu I*, 216 S.W.3d at 5 (quoting *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000)). "The evidence may actually weigh against the agency's decision, yet amount to substantial evidence, if some reasonable basis exists in the record for the agency's action." *Wu I*, 216 S.W.3d at 5 (citing *City of El Paso v. Pub. Util. Comm'n*, 883

---

introduced at the administrative hearing." *In re Edwards Aquifer Auth.*; 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, orig. proceeding).

S.W.2d 179, 185 (Tex. 1994)). We stated in *Wu I* that "the trial court was bound to consider only the evidence relevant to the issue of whether the Board acted arbitrarily and without regard to the facts" and the question before the trial court was whether there was "a reasonable basis in the record to support the agency's action, not whether the agency reached the correct conclusion." *Wu I*, 216 S.W.3d at 5. We concluded that "[b]ecause all findings and inferences of the Board are presumed to be supported by substantial evidence," the trial court did not abuse its discretion in ruling that Appellants failed to show a probable right of recovery. *Id.* at 7.

The record before us reflects that the trial court deferred to the DSDB's findings and did not conduct an independent, de novo review of the constitutionally relevant facts or of the legal-factual determinations. *See Stewart*, 361 S.W.3d at 576-78. Rather, it conducted a substantial evidence review. Because substantial evidence review of a nuisance determination resulting in demolition of property does not sufficiently protect a person's rights under Article I, Section 17 of the Texas Constitution, neither the nuisance determination nor its affirmance precludes a subsequent takings claim based on the demolition of that property. *Stewart* at 566. The City presented no other summary judgment evidence to establish the property was a public nuisance. The City therefore did not conclusively prove all the elements of its public nuisance and collateral estoppel affirmative defenses and was not entitled to summary judgment on those grounds.

The City argues alternatively that Appellants are collaterally estopped by the DSDB's determination because Appellants filed their takings claim too late and were not entitled to the de novo review required by *Stewart*. The City's argument is based on the holding in *Stewart* that a "takings claims must be asserted on appeal from the administrative nuisance determination" and failure to assert the constitutional claim upon appeal of the agency order precludes him from raising the issue in a separate proceeding. *Stewart*, 361 S.W.3d at 579-80. The basis for the holding is that "a litigant must avail itself of statutory remedies that may moot its takings claim,

rather than directly institute a separate proceeding asserting such a claim." *Id.* at 579 (citing *City of Dallas v. VSC*, 347 S.W.3d 231, 234-37 (Tex. 2011)); *see City of Beaumont v. Como*, 381 S.W.3d 538, 540 (Tex. 2012) (per curiam) (de novo review of an administrative nuisance determination is required only when the administrative determination is appealed.).

The City contends Appellants "did not allege a takings claim in their original appeal of the DSDB order." We disagree. Appellants first asserted their takings claim by amending their petition in the appeal of the DSDB's demolition order, after the denial of their application for temporary injunction was affirmed on interlocutory appeal, and shortly after the City demolished the buildings. The takings claim was alleged in the same proceeding as the appeal of the agency determination and was asserted before final judgment. The City thus appears to be arguing that a takings claim must be asserted *at the same time and in the same pleading* as the original pleading seeking judicial review of the agency order. That position is inconsistent with *Stewart* and is not supported by either of the cases to which the City cites.

In *Stewart*, the City of Dallas demolished the property after Stewart appealed the demolition order. Stewart then amended her complaint to include a takings claim. The trial court affirmed the administrative order using a substantial evidence standard and severed the constitutional claims that were later tried to a jury. 361 S.W.3d at 565. The Supreme Court held Stewart timely asserted her takings claim and the trial court properly submitted the nuisance issue de novo. *Id.* at 580-81. In contrast, a property owner's takings claim was barred when he did not appeal the administrative nuisance determination and instead waited until a year after demolition to file a separate takings claim. *Como*, 381 S.W.3d at 540; *see also Patel v. City of Everman*, 361 S.W.3d 600, 602 (Tex. 2012) (per curiam) (holding property owner's suit alleging unconstitutional taking was barred when he had previously nonsuited case in which he had appealed administrative nuisance determination and asserted a takings claim). As in *Stewart*, the Appellants in this case

filed their takings claim in the same proceeding as the appeal of the administrative order and are entitled to de novo consideration of the nuisance determination.

## CONSENT

The City argues the summary judgment may also be upheld on the ground that Appellants consented to the demolition. Appellants contend the City's consent ground was not timely raised in the trial court and the defense was not established as a matter of law by the summary judgment evidence.

Six days before the summary judgment hearing, the City filed a reply in which it raised for the first time the affirmative defense of consent as a ground for summary judgment and attached new summary judgment evidence in support of this ground. The final judgment recites that Appellants filed and argued an objection and motion to strike the new ground and evidence. However, the record does not contain an express ruling on the objection and motion to strike.

The grounds for summary judgment must be expressly presented in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339-41 (Tex. 1993). A movant "is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary judgment grounds." *Garcia v. Garza*, 311 S.W.3d 28, 36 (Tex. App.—San Antonio 2010, pet. denied). "[A]llowing arguments made in the movant's reply to be considered, after the fact, as independent grounds for summary judgment would subvert the orderly process contemplated by rule 166a and put the nonmovant to an unfair burden." *Sanders v. Capitol Area Council*, 930 S.W.2d 905, 911 (Tex. App.—Austin 1996, no writ).

Because the affirmative defense of consent was first raised as a ground for summary judgment in the City's reply, filed less than twenty-one days before the hearing, the ground was not properly presented to the trial court and we do not consider it. *See All Metals Fabricating, Inc. v. Foster Gen. Contracting, Inc.*, 338 S.W.3d 615, 622 (Tex. App.—Dallas 2011, no pet.) (trial

court could not have considered new ground for summary judgment included only in reply and not in summary judgment motion); *Reliance Ins. Co. v. Hibdon*, 333 S.W.3d 364, 378 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding movant may not raise new and independent grounds for summary judgment in reply); *Sanders*, 930 S.W.3d at 911 (same).

### CONCLUSION

We reverse the trial court's judgment and remand this cause to the trial court.

Luz Elena D. Chapa, Justice