**AFFIRM; and Opinion Filed December 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01175-CV

**THE GOLD FEATHER, INC., Appellant**
**V.**
**CITY OF FARMERS BRANCH, TEXAS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-14630-M**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice Brown

The Gold Feather, Inc. appeals a summary judgment in favor of the City of Farmers Branch, Texas, assessing a civil penalty for the Gold Feather's failure to comply with an order of the City's Building and Standards Commission. In this appeal, the Gold Feather asserts it received ineffective assistance of counsel in the trial court and that its property was taken without due process of law. For the following reasons, we affirm the trial court's judgment.

The Gold Feather owns commercial property in the City. Beginning in January 2010, the City sent notices to the Gold Feather informing it that its property was in violation of various provisions of the City's Code of Ordinances. These violations included a parking lot in disrepair, items being stored outside the building, a banner being displayed without a permit, a wooden fence in poor condition, obsolete signage, and damaged wood and faded paint on the building. The City gave the Gold Feather either seven or thirty days, depending on the violation,

to bring the property into compliance. After these deadlines passed, the City again asked the Gold Feather to bring its property into compliance. In two letters in January and February 2010, the Gold Feather informed the City that it had recently purchased the property and was planning a redevelopment that would resolve most, if not all, of the code violations by March 31, 2010. The City later sent notices of further violations regarding the length of the grass and a brush pile behind the building. In July 2010, the City issued several misdemeanor citations to David Elliott, who owns the property with his wife, for code violations due to conditions on the property.

On March 23, 2011, the Building and Standards Commission held a public hearing regarding the Gold Feather's noncompliance with the City's code enforcement notices and citations. The Gold Feather's owners received notice of and attended the hearing. In an order dated March 23, 2011, the commission found that the Gold Feather's property was in substandard condition posing danger to the life, health, welfare, or safety of persons in violation of the City's Code of Ordinances. The commission further found that the City had provided multiple notices of the violations and only minimal repairs had been made. The commission declared the property to be substandard, a nuisance, and determined that immediate repairs needed to be made. The commission gave the Gold Feather thirty days from the date of the order to fully complete several itemized repairs. It ordered that if the Gold Feather did not comply by April 22, 2011, the City would assess a civil penalty of $500 per day until its Building Official acknowledged compliance in writing to the owner. A subsequent email from the Building Official to the owners indicated the commission planned to reconsider the Gold Feather's civil penalties at its May 2011 meeting. The parties agree that at that meeting, the commission denied the Gold Feather's request for an extension of time to comply.

On October 6, 2011, the City's attorney sent the Gold Feather a letter demanding payment for $22,000 in civil penalties. The City sought penalties incurred from April 23, 2011 until June 6, 2011. Elliott wrote a letter in response, rejecting the demand.

Soon thereafter, the City filed this lawsuit to obtain a judgment enforcing the civil penalty. The City later moved for summary judgment, asserting it was entitled to judgment as a matter of law under section 54.037 of the local government code. Section 54.037 provides:

> To enforce any civil penalty under this subchapter [Quasi-Judicial Enforcement of Health and Safety Ordinances], the municipal secretary or clerk must file with the district clerk of the county in which the municipality is located, a certified copy of the order of the commission panel establishing the amount and duration of the penalty. No other proof is required for a district court to enter final judgment on the penalty.

TEX. LOC. GOV'T CODE ANN. § 54.037(b) (West 2008). Attached to the City's summary judgment motion was a certified copy of the commission's March 23, 2011 order assessing a civil penalty against the Gold Feather. Although the City provided affidavit testimony from its Building Official that the date of compliance was June 7, 2011, it agreed to end the penalty on June 3, 2011, the date Elliott indicated in his deposition that repairs were completed.

The Gold Feather filed a response to the summary judgment motion, asserting that fact issues existed. Specifically, it asserted that after the commission handed down its order, a City official promised it an extension of time to comply with the order and also that it was denied due process at the May 2011 hearing at which the commission denied its request for an extension of time.

The trial court granted the City's motion for summary judgment. In its judgment, the court found that the Gold Feather failed to timely appeal the final order of the commission and failed to come into full compliance with the order until June 3, 2011. The judgment ordered that the City recover $19,500 in civil penalties from the Gold Feather, along with attorney's fees. The

–3–

Gold Feather filed a motion for reconsideration, which the trial court denied. This appeal followed.

In its first issue, the Gold Feather asserts its trial counsel provided ineffective representation, citing counsel's alleged failure to raise affirmative defenses, effectively cross-examine witnesses, and file motions, among other things.[1] The doctrine of ineffective assistance of counsel does not extend to civil cases. *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.); *Green v. Kaposta*, 152 S.W.3d 839, 844 (Tex. App.—Dallas 2005, no pet.). The Gold Feather's first issue lacks merit.

In its second issue, the Gold Feather contends for the first time that the fines levied against it constituted a taking of property and that this taking occurred without due process because it was done by a non-judicial body. Even if the civil penalty could be considered a taking, the Gold Feather was required to raise that claim in an appeal from the commission's order.

Texas law permits municipalities to establish commissions to consider violations of ordinances related to public safety. *City of Dallas v. Stewart*, 361 S.W.3d 562, 565 (Tex. 2012); *see* TEX. LOC. GOV'T CODE ANN. §§ 54.032–.044 (West 2008 & Supp. 2014). The local government code provides for judicial review of any decision of a commission panel. *See id.* § 54.039(a). Such a petition must be presented to a district court within thirty days of the commission's order. *Id.* If no appeals are taken from the decision of the commission panel within the required time period, the decision of the commission panel is final and binding. *Id.* § 54.041. A certified copy of the commission's order establishing the amount and duration of the penalty is the only proof required for a district court to enter final judgment on the penalty. *Id.* §

---

[1] The rules of appellate procedure require an appellant's brief to concisely state, under an appropriate heading, all issues presented for review. TEX. R. APP. P. 38.1(f). In its table of contents, the Gold Feather's brief indicates that the "Issues before the Court" can be found on page nine. There is no statement of the issues presented on page nine or on any other page of the brief. We are construing the briefing rules liberally to identify and enumerate two issues for the Gold Feather. *See* TEX. R. APP. P. 38.9.

54.037(b). A party asserting a taking based on an allegedly improper commission order must appeal that order and assert its takings claim in that proceeding. *Patel v. City of Everman*, 361 S.W.3d 600, 601 (Tex. 2012); *Stewart*, 361 S.W.3d at 579–80.

The Gold Feather cites no authority for the proposition that the civil penalty amounts to a taking of its property. Even if it could be considered a taking, the Gold Feather was required to make that claim in an appeal to the district court from the commission's order. *See Patel*, 361 S.W.3d at 601. The Gold Feather did not appeal the order imposing the civil penalty and thus did not avail itself of the opportunity for district court review. The Gold Feather may not raise its taking argument in this appeal from the judgment enforcing the civil penalty. The Gold Feather's second issue is overruled.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

131175F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE GOLD FEATHER, INC., Appellant

No. 05-13-01175-CV      V.

CITY OF FARMERS BRANCH, TEXAS,
Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-14630-M.
Opinion delivered by Justice Brown. Justices
FitzGerald and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CITY OF FARMERS BRANCH, TEXAS recover its costs
of this appeal from appellant THE GOLD FEATHER, INC.

Judgment entered this 17th day of December, 2014.