

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00259-CV

---

1707 NEW YORK AVE., LLC                                        APPELLANT

V.

CITY OF ARLINGTON                                              APPELLEE

----------

### FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 352-271175-14

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I write separately to more precisely explain why Appellant's argument that it was not required to timely assert its taking claim in an appeal of the order authorizing demolition is unquestionably without merit.

At oral argument, Appellant maintained that local government code chapter 214 and its judicial review component do not apply to this case because,

---

[1]*See* Tex. R. App. P. 47.4.

although nothing in chapter 214 permits a city to assess a fee or penalty against a building owner, the final judgment authorized the City to assess a penalty against Appellant. Because chapter 214 does not apply, Appellant argued, it was relieved of the burden to exhaust its administrative remedies by seeking judicial review of the order authorizing demolition. *See City of Dallas v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012); *Patel v. City of Everman*, 361 S.W.3d 600, 601–02 (Tex. 2012). A review of chapter 214 and Article XVI of the City's Ordinances Governing Construction reveals that the final judgment strictly complies with those authorities.

Local government code section 214.001(d) provides that if a building is found to be dangerous, a municipality may order that it be "vacated, secured, repaired, removed, or demolished by the owner within a reasonable time." Tex. Loc. Gov't Code Ann. § 214.001(d) (West Supp. 2014). The City's Dangerous Building ordinances track this language. *See* Arlington, Tex., Code of Ordinances ch. Construction, art. XVI, § 16.04(A) (2015) (stating that municipal court determines whether dangerous building "shall be vacated, secured, repaired, removed, and/or demolished"); *see also id.* § 16.05(D)(2)(a) ("repair, remove or demolish the building"), § 16.05(D)(2)(b) ("remove or demolish the building"), § 16.05(D)(2)(c) ("remove the accumulated matter"), § 16.05(D)(2)(d) ("secure, demolish or remove the building"), § 16.05(D)(2)(e) ("secure or remove all building materials, equipment and tools").

Chapter 214 also addresses what actions a municipality may take when a building owner ultimately *fails to comply* with an order declaring a building dangerous. Not only may the municipality "vacate, secure, remove, or demolish the building," but it has the additional authority to "assess a civil penalty against the property owner for failure to repair, remove, or demolish the building."[2] Tex. Loc. Gov't Code Ann. §§ 214.001(m), 214.0015(b)(2) (West 2008). Once again, the City's Dangerous Building ordinances follow chapter 214's lead. *See* Arlington, Tex., Code of Ordinances ch. Construction, art. XVI, § 16.07(A), (B) (stating that in the event of noncompliance, City may "[v]acate, secure, repair, remove and/or demolish the building" or "[a]ssess a civil penalty against the owner of the building"); *see also id.* § 16.05(D)(5) ("The Hearing Authority shall also order a civil penalty that the City may assess *if* the owner fails to repair, remove or demolish the building . . . .") (emphasis added).

Considering all of this together, and applying it here, the City could only assess a penalty against Appellant for its failure to comply with the final judgment, and that is exactly how the final judgment was structured. The final judgment states that the "Owner of the property shall repair, remove or demolish the Building." In a different section, it provides that *if* Appellant "fails to comply with any part of this order by the specified dates," "the City is hereby authorized

---

[2]Section 214.0015 "applies only to a municipality that has adopted an ordinance under Section 214.001," which the City has done. Tex. Loc. Gov't Code Ann. § 214.0015(a).

at its discretion to vacate, secure, repair, remove and/or demolish the Building" or, alternatively, "assess a civil penalty on the owner." Thus, the final judgment is consistent with both chapter 214 and the City's Dangerous Building ordinances and did not improperly authorize the City to assess a penalty against Appellant. For these reasons, Appellant's argument that chapter 214 is inapplicable—and that Appellant therefore did not have to appeal the order authorizing demolition— is without merit.

/s/ Bill Meier
BILL MEIER
JUSTICE

DELIVERED: October 22, 2015

4