

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00259-CV

1707 NEW YORK AVE., LLC                            APPELLANT

V.

CITY OF ARLINGTON                                 APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 352-271175-14

----------

## MEMORANDUM OPINION[1]

----------

## I.  Introduction

Appellant 1707 New York Ave., LLC appeals from the trial court's order granting Appellee the City of Arlington's plea to the jurisdiction. Appellant raises two issues. In its first issue, Appellant claims that its claims are brought "directly under the Texas Constitution" so that the City is not immune from Appellant's

---

[1]See Tex. R. App. P. 47.4.

claims. In its second issue, Appellant asserts that its claims are not subject to the exhaustion requirement recognized by the Texas Supreme Court in *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012). Because we hold that Appellant's constitutional claims are subject to the exhaustion requirement and because this holding is also dispositive of Appellant's first issue, we will affirm the trial court's judgment.

## II. Factual and Procedural Background

After notice and a dangerous-and-substandard-structure hearing, the City's municipal court signed an order declaring the La Joya Arlington Apartments (the apartments) to be "dangerous, substandard structures" and, thus, a public nuisance. The municipal court ordered the owner to repair, remove, or demolish the apartments by a certain date and to abate asbestos in accordance with applicable law prior to undertaking repairs or demolition. Six months later, the municipal court held a progress hearing and determined that the apartments were not in compliance with the requirements of its prior order. Consequently, the municipal court signed an August 13, 2013 order authorizing the City to demolish the apartments at its discretion. The owner did not appeal the order, and it became final. The City began the demolition process, mailed a notice of demolition to the owner and interested parties, and filed the notice of demolition in the Tarrant County deed records.

Subsequently, with full notice of the filed notice of demolition, Appellant's parent company purchased from Fannie Mae a promissory note secured by the

apartments.   Appellant's parent company then foreclosed on the note and purchased the apartments at foreclosure.   Later, after engaging in negotiations with the City concerning possibly rehabilitating the apartments, Appellant's parent company transferred the property to Appellant.[2]   Appellant filed this suit, asserting constitutional claims under Texas Constitution article I, sections 17 and 19 and alleging a taking of its property and due-process violations.

### III.  The Law Concerning Constitutional Taking Claims and Nuisance Determinations

The Texas Constitution provides that no "person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . . ."   Tex. Const. art. I, § 17.   Those seeking recovery for a taking under this provision of the constitution must prove the government "intentionally took or damaged their property for public use, or was substantially certain that would be the result."   *Harris Cty. Flood Control Dist. v. Kerr*, No. 13–0303, 2015 WL 3641517, at *2 (Tex. June 12, 2015) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005)); *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004).   Governmental immunity does not shield the government from liability for compensation under the takings clause.[3]   *Kerr*, 2015

---

[2]Appellant's brief contains a thorough recitation of additional procedural facts, but we omit them because they are not relevant to the trial court's ruling on the City's plea to the jurisdiction.

[3]The supreme court has explained that governmental immunity is distinct from sovereign immunity; governmental immunity refers to the protection afforded to political subdivisions such as counties, cities, school districts, and

3

WL 3641517, at *2 (citing *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001)). When a plaintiff fails to allege a valid inverse-condemnation claim, however, governmental immunity continues to apply, and a trial court is without jurisdiction. *Bell v. City of Dallas*, 146 S.W.3d 819, 825 (Tex. App.—Dallas 2004, no pet.); *Dahl ex rel. Dahl v. State*, 92 S.W.3d 856, 862 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Little-Tex*, 39 S.W.3d at 599 (affirming grant of plea to the jurisdiction where plaintiff did not allege proper takings claim).

The Texas Supreme Court has "long held that the government commits no taking when it abates what is, in fact, a public nuisance." *City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012); *see City of Texarkana v. Reagan*, 247 S.W. 816, 817 (Tex. 1923). A party asserting a taking based on an allegedly *improper* administrative nuisance determination must appeal that determination and assert any takings claim in that proceeding. *City of Beaumont v. Como*, 381 S.W.3d 538, 540 (Tex. 2012); *Patel v. City of Everman*, 361 S.W.3d 600, 601 (Tex. 2012); *Stewart*, 361 S.W.3d at 579. A party must also avail itself of statutory remedies that may moot its takings claim, rather than directly instituting a separate proceeding asserting such a claim. *Como*, 381 S.W.3d at 540; *Stewart*, 361 S.W.3d at 579; *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 234–37 (Tex. 2011).

others. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity is at issue here.

4

## IV. Standard of Review

To defeat a plea to the jurisdiction based on governmental immunity asserted in a takings claim, a plaintiff must raise a fact issue as to each element of her claim. *Kerr*, 2015 WL 3641517, at *2 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)); *Archibeque v. N. Tex. State Hosp.–Wichita Falls Campus*, 115 S.W.3d 154, 157 (Tex. App.—Fort Worth 2003, no pet.). That is, the plaintiff must raise a fact issue as to intent, causation, and public use. *Kerr*, 2015 WL 3641517, at *2 (citing *Little-Tex Insulation Co.,* 39 S.W.3d at 598). Whether the specific facts alleged demonstrate a trial court's subject-matter jurisdiction is a legal question that is reviewed under a de novo standard of review. *Miranda*, 133 S.W.3d at 226. This determination is made accepting the factual allegations as true and construing them in the plaintiff's favor. *Id.* at 228; *Archibeque*, 115 S.W.3d at 157.

## V. Application of the Law to the Facts

Here, the prior owner of the apartments did not appeal the municipal court's order authorizing demolition;[4] indeed, Appellant's parent company purchased the apartments with full notice that the City intended to demolish the apartments and that a notice of demolition had been filed in the Tarrant County deed records. Appellant does not dispute these facts. Instead, Appellant argued

---

[4]Appellant agrees that no appeal was taken—"[u]nder the statute, the owner had thirty days to appeal that order by filing suit. However, no suit was filed."

during oral argument that it was not required to satisfy the exhaustion requirement articulated by the Texas Supreme Court in *Como*, 381 S.W.3d at 540; *Patel*, 361 S.W.3d at 601; *Stewart*, 361 S.W.3d at 579; and *VSC*, 347 S.W.3d at 234–37, in order to assert its taking claims because, according to Appellant, the City obtained the order authorizing demolition under a "hybrid" procedure using the City's ordinance and Texas Local Government Code chapters 54 and 214. *See* Tex. Loc. Gov't Code Ann. §§ 54.032–.041 (West 2008 & Supp. 2014); *see also id.* §§ 214.001–.012 (West 2008 & Supp. 2014); Arlington, Tex., Code of Ordinances ch. Nuisance, art. IV, §§ 4.03–.04 (2015). But this argument by Appellant constitutes the assertion of a taking based on an allegedly *improper* administrative nuisance determination and consequently falls squarely within the parameters of the supreme court's holdings in *Como*, 381 S.W.3d at 540; *Patel*, 361 S.W.3d at 601; *Stewart*, 361 S.W.3d at 579; and *VSC*, 347 S.W.3d at 234–37. Appellant was required to make this argument and to assert its takings claim and other constitutional claims in an appeal of the nuisance determination. *See Como*, 381 S.W.3d at 538; *Patel*, 361 S.W.3d at 601; *Stewart*, 361 S.W.3d at 579; *VSC*, 347 S.W.3d at 234–37. Because neither Appellant nor any prior owner of the apartments appealed the nuisance determination, Appellant cannot attack collaterally what was not challenged directly, and its taking claim and other "direct" constitutional claims are barred. *See Como*, 381 S.W.3d at 539; *Stewart*, 361 S.W.3d at 580.

Appellant nonetheless argues that although its pleaded constitutional claims against the City are all premised on the City's "acts" in proceeding with the demolition of the apartments pursuant to the municipal court's August 13, 2013 order[5]—it is asserting on appeal four different factual grounds for its constitutional claims "based on actions that were taken [by the City] after the Order Authorizing Demolition, and which were not covered by that order." But this distinction is illusory. The City's actions after entry of the order authorizing demolition were taken pursuant to that order in preparation for demolition—these acts were "covered by" the order authorizing demolition. Appellant has pointed to no authority, and we have located none, for the proposition that the City was required to obtain multiple, sequential, and separate orders to engage in acts preparing for an authorized demolition.

Thus, because the City's acts forming the basis of Appellant's constitutional claims were performed pursuant to the order authorizing demolition and because neither Appellant nor any prior owner of the apartments appealed the order authorizing demolition, Appellant's pleading does not present a valid takings claim. *See Dahl*, 92 S.W.3d at 862. Appellant cannot create jurisdiction by stating a takings claim unless that claim is facially valid. *Bell*, 146 S.W.3d at 825; *Dahl,* 92 S.W.3d at 862. Appellant's claims are not facially valid because

---

[5]For example, Appellant pleads that "the City is intent on destroying [Appellant's] property," "the City's actions amount to a taking and damaging of [Appellant's] property," and "the City plans to move forward with the complete destruction of [Appellant's] property."

7

the nuisance determination is unchallenged and "the government commits no taking when it abates what is, in fact, a public nuisance." *Stewart*, 361 S.W.3d at 569; *see Reagan*, 247 S.W. at 817.

We overrule both of Appellant's issues.

## VI. Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

MEIER, J., filed a concurring opinion.

DELIVERED:  October 22, 2015