**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00236-CV**
_____

**REMA CHARLES WOLF, Appellant**

**V.**

**CITY OF PORT ARTHUR, TEXAS, Appellee**

_____

**On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-202,920**

_____

**MEMORANDUM OPINION**

Governmental immunity generally protects political subdivisions of the State, including cities, from lawsuits for damages, because unless the governmental unit has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against the governmental unit. *See Jefferson Cty. v. Jackson*, 557 S.W.3d 659, 668 (Tex. App.—Beaumont 2018, no pet.). Appellant Wolf has appealed the trial court's decision to grant the City of Port Arthur's plea to the jurisdiction in Wolf's lawsuit

1

seeking recovery for damages she alleges were wrongfully inflicted on her property by the City when it demolished her building. Finding no error in the trial court's action, we affirm the judgment of the trial court.

## I. Background

In December of 2011, Appellee, the City of Port Arthur ("the City"), inspected the building located at 1101 Procter Street[1] in Port Arthur, and found it to be substandard. More specifically, the inspection revealed that the building had more than 50% damage/deterioration of its non-supporting members, more than 33% damage/deterioration of the supporting members, rotted eaves, and a collapsed or leaking roof; the building was considered unsuitable for rehabilitation and was slated for demolition at that time. The record before us contains no indication that the building's previous owner remedied any of the defects noted in the inspection report before Appellant purchased the property at a sheriff's sale on November 7, 2017.

One month after Appellant purchased the building, the City sent Appellant a notice regarding the 2011 inspection and advised Appellant of her options, including the option of appearing at a hearing with the Construction Board of Adjustments and Appeals (the Board) to show cause why she should not comply with the request to

---

[1] The address of this building is sometimes given as 1101 E. Procter St., and the spelling of the street is inconsistent in the appellate record. Regardless of these minor discrepancies in the description of the building, neither party has indicated that the building has been misidentified.

repair, rehabilitate, or demolish the structure in question. Appellant's husband, acting on Appellant's behalf, attended and addressed a hearing of the Board on March 15, 2018, and advised the Board that he planned to repair the building and locate a business there. Thereafter, the Board authorized the City to raze or repair the building and notified Appellant of its decision. Appellant received this notice no later than April 11, 2018, as shown by the computerized delivery tracking notice provided by the United States Postal Service, which is part of the record. On October 25, 2018, the City sent Appellant a notice reflecting that it had awarded a bid to demolish the building; unfortunately, Appellant may not have received this notice until after demolition had begun.

Reportedly immediately upon learning of the demolition order, on November 16, 2018, Appellant filed a petition and application for a temporary restraining order in the 136th District Court of Jefferson County. There is no dispute that this petition constituted Appellant's initial attempt to obtain judicial relief from the Board's administrative decisions.

After multiple back-and-forth pleadings and motions were filed and argued in the court below, the trial court granted the City's plea to the jurisdiction and motion for summary judgment on the ground that Appellant had failed to file a timely appeal as required by §§ 54.039 and 214.0012(a) of the Texas Local Government Code.

## II. Standard of Review

The concept of governmental immunity has deep roots in American common law, and in English common law before it. Renna Rhodes, *Comment: Principles of Governmental Immunity in Texas: The Texas Government Waives Sovereign Immunity When it Contracts – or Does It?* 27 St. Mary's L.J. 679, 684-87 (1996) (discussing the history of immunity). This immunity protects political subdivisions of the State, including cities, from lawsuits for damages, because unless the governmental unit has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against it. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B).

Consent to suit is found in a constitutional or legislative provision, and whether subject matter jurisdiction exists, based on a waiver of immunity, is a question of law; we therefore review the trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226, 228.

In order to assert the defense of governmental immunity, a governmental entity may file a plea to the jurisdiction to challenge a court's power to resolve the merits of a plaintiff's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). To defeat the governmental immunity claim, the plaintiff must

plead facts that affirmatively demonstrate that governmental immunity has been waived and the trial court has subject matter jurisdiction. *Holland*, 221 S.W.3d at 642. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine whether a fact issue exists. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

In cases involving damage or destruction of property, immunity is waived through the application of the Texas Constitution, which states, in pertinent part:

> (a) No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for:
>
> (1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:
>
> > (A) the State, a political subdivision of the State, or the public at large; or
> >
> > (B) an entity granted the power of eminent domain under law; or
>
> (2) the elimination of urban blight on a particular parcel of property.

Tex. Const. art. I § 17(a).

In cases involving torts, the Legislature waived the immunity that governmental entities otherwise enjoy if the plaintiff's claim is one that falls within

5

the requirements of the statutory waiver. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.029. Section 101.021 of the Texas Tort Claims Act (TTCA) allows a plaintiff to sue a governmental unit for damages if the requirements in the TTCA apply to the plaintiff's claim. *See id.* § 101.021. Section 101.021(1) provides that a governmental unit is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if (1) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment, and (2) the employee would be personally liable to the claimant according to Texas law. *Id.* § 101.021(1). Section 101.021(2) provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2). In addition to waiving a governmental unit's immunity from liability, section 101.021 also waives immunity from suit. *Id.* § 101.025(a); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

We review a trial court's ruling on a traditional summary judgment motion de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber*

6

*Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We "consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Id.* at 756. For a defendant to prevail on summary judgment, it must show that there is no genuine issue of material fact concerning one or more essential element of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. Tex. R. Civ. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990).

### III. Analysis

### A. The Takings Claims

Our Supreme Court's decision in *City of Beaumont v. Como* governs the outcome of this issue. 381 S.W.3d 538 (Tex. 2012) (per curiam). In *Como*, as in the case currently before us, a city administratively determined that a particular building was in disrepair and could be demolished unless it was repaired. *Id.* at 539. Como, like Appellant, failed to directly appeal the city's decision, but instead sued the city after the building was demolished; her post-demolition suit alleged various claims, including takings claims under the Texas Constitution. *Id.*; Tex. Const. art. I § 17(a). In rendering judgment against Como, the court held that because "'Como could have, but did not, avail herself of her right to challenge the City's decision,' . . . her takings claims [were] barred, and the trial court correctly dismissed them." *Como,*

381 S.W.3d at 539-40; *see also Patel v. City of Everman*, 361 S.W.3d 600, 602 (Tex. 2012); *Cf. City of Dallas v. Stewart,* 361 S.W.3d 562, 565 (Tex. 2012) (Stewart timely filed a direct appeal of the administrative decision).

An application of the *Como* rationale to Appellant's claims compels the identical result in this case: Appellant's failure to file a direct appeal of the City's administrative determination bars her subsequent collateral attack on that determination. *Como*, 381 S.W.3d at 539-40; Tex. Loc. Gov't Code Ann. §§ 54.039(a), 214.0012(a). Accordingly, the trial court lacked subject matter jurisdiction over Appellant's case and properly granted the City's plea to the jurisdiction.

Appellant's appeal of the trial court's decision alleges that the trial court abused its discretion in several particulars, most of which have been rendered moot by Appellant's failure to appeal the Board's decision as provided by the above-cited sections of the Texas Local Government Code. One argument, however, arguably merits additional consideration: Appellant contends that she was not required to file a direct appeal because the City did not include the appeals provision portion (Section 111) of the 2015 Edition of the International Property Maintenance Code when it adopted that document as its Housing Code.

Although Appellant is correct in her contention that the City did not adopt Section 111 of the International Property Maintenance Code into its Housing Code,

she has misinterpreted the import of this deletion. In context, it is clear that the City intended to disregard the twenty-day appeal deadline found in the International Property Maintenance Code in favor of the more generous thirty-day appeal deadline found in the Texas Local Government Code. Tex. Loc. Gov't Code Ann. §§ 54.039(a), 214.0012(a). We interpret the City's Housing Code in this manner because we must interpret the ordinance "as a whole[,]" without giving undue weight "to isolated provisions." *City of Dallas v. Blanton*, 200 S.W.3d 266, 277 (Tex. App.—Dallas 2006, no pet.). In addition, our interpretation should not "assign a meaning to a provision that would be inconsistent with other provisions of the enactment." *Id.* If we were to construe the deletion of Section 111 in the manner that Appellant has urged, we would be faced with the necessity of interpreting the deletion of Section 103.2, having to do with appointments, in the same way. Because it would be nonsensical to read the deletion of Section 103.2 as meaning that members of the Code Compliance Department are not appointed, we decline to do so, and we likewise decline to decide that the deletion of Section 111 forecloses any avenue for appeal.

In other appellate points, Appellant has complained of the City's various acts and omissions. While the City's conduct may not have been a model of efficiency with respect to Appellant's property, the fact remains that no later than April 11, 2018, Appellant was aware that the building was subject to demolition; Appellant's

9

failure to realize the necessity of a timely appeal is irrelevant to our disposition of this case, because everyone is presumed to know the law. *XOG Operating, LLC v. Chesapeake Expl. Ltd. P'Ship*, 554 S.W.3d 607, 612 (Tex. 2018). Although this legal principle may be unrealistic in this increasingly complex world, it nonetheless is binding upon us, as well as upon all parties to this appeal. Consequently, we must affirm the trial court's decision to dismiss the case for lack of subject matter jurisdiction over Appellant's constitutional claims.

## B. The Negligence Claim

Plaintiff's Fifth Amended Original Petition was her live pleading at the time that the trial court granted Appellee's plea to the jurisdiction and motion for summary judgment. In paragraph 30 of that pleading, Appellant stated, "As an alternative pleading to the foregoing pleadings, the Defendant's conduct resulted in negligence for which reason Plaintiff should be compensated for the destruction of the personal property contained within the Subject Building and for the destruction of the Subject Building she owned." Nowhere does she invoke the waiver of governmental immunity found in the Texas Tort Claims Act; in fact, she does not even use language that might be expected of a litigant attempting to avail herself of this remedy. For this reason, Appellant did not plead facts sufficient to establish the trial court's jurisdiction, and the trial court properly granted Appellee's plea to the jurisdiction and motion for summary judgment. *Holland*, 221 S.W.3d at 642-43.

Even if Plaintiff's Fifth Amended Original Petition had included the allegations contained in her Second Amended Original Petition, regarding the City's alleged use of motor-driven equipment, her TTCA claim would fail pursuant to the rationale of *Rodriguez v. City of Fort Worth,* No. 07-16-00037-CV, 2017 WL 6459532 at *4-5 (Tex. App.—Amarillo December 8, 2017, no pet.). In *Rodriguez,* the court determined that because the motor-driven equipment used in the demolition was operated by a contractor's employees, rather than the city's employees, there was no waiver of immunity under the TTCA. Here, as in *Rodriguez,* an independent contractor performed the demolition of Appellant's building, as shown by the demolition permit in the record, which lists the contractor as Inland Environments. There being no evidence that the demolition work was performed by the City, itself, as opposed to the contractor it hired, any claim under the TTCA must fail; therefore, the trial court properly granted Appellee's plea to the jurisdiction and motion for summary judgment.

## IV. Conclusion

Because Appellant failed to seek judicial review in the manner set forth by sections 54.039 and 214.0012(a) of the Texas Local Government Code, and because Appellant similarly failed to state a claim under the Texas Tort Claims Act, the trial court lacked jurisdiction to consider Appellant's claims, and it correctly granted Appellee's plea to the jurisdiction and motion for summary judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 8, 2022
Opinion Delivered June 9, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.